45   13
105   587

JOHN W. ELDER, plaintiff in error *vs.* J. A. ALLISON, administrator, defendant in error.

(BY TWO JUDGES.)—1.  Misrepresentation of a material fact, made by one of the parties to a contract, though made by mistake and innocently, if acted on by the opposite party, constitutes legal fraud.

2.  Where the obligor, in a bond for titles, sues the obligee in ejectment, on failure of the latter to pay the entire purchase-money, and the obligee files a bill alleging a misrepresentation of a material fact by the obligor, at the time of the purchase, as to the area of the land; that he acted on such misrepresentation; that the obligor can make no title to that part of the land so misrepresented as belonging to the

tract sold; and offering to pay into Court whatever may be equitably due, and seeking to enjoin the action of ejectment; which allegations are not denied; the injunction should be granted, and the question as to whether the obligee acted on the misrepresentation of the obligor, or not, should be left to a jury.

3. A defendant in ejectment may set up an equitable defense in his plea, but is not obliged to do so; he may file his bill if he prefer it.   27th February, 1872.

Misrepresentation.   Equity Practice.   Before Judge HAR-RELL.   Randolph Superior Court.   November Term, 1871.

The error assigned in this case is the dismissal of plaintiff's bill upon a demurrer averring, among other grounds, that plaintiff's remedy was complete at law.   The averments of the bill are stated in the opinion.

H. FIELDER, for plaintiff in error.

HOOD & KIDDOO, for defendant.

MONTGOMERY, Judge.

The plaintiff alleges in his bill that he bought, through his brother, as agent, from the defendant's intestate, a plantation of three hundred acres adjoining the city of Cuthbert, for which he obtained bond for titles and gave his notes, one payable January 1st, 1870, for $1,900, and the other payable January, 1871, for $1,000.   The bond described the land sold by the number of the lots and the district.   Among other lots sold and described, was lot number one hundred and sixty-one, in the ninth district, with a reservation to the obligor of some two acres, described as follows: "Commencing at the southeast corner of said lot, running due west seventy yards, thence due north to the Baptist College spring branch, thence eastwardly along the line of said spring branch to east line of lot, thence south to the starting point."

The bond was also conditioned to make titles to "numbers thirty-four, thirty-five, thirty-six and thirty-seven in the

Villa Nova survey, each containing five acres more or less," these latter being town lots within the corporate limits of Cuthbert, but sold as a part of the plantation. At the time of the sale the vendor went over the land with the agent and pointed out the lines as he supposed them to exist. The lines so pointed out embraced about twenty-six acres of valuable wood-land adjoining Cuthbert, including the lots in Villa Nova survey. This land is shown by affidavits accompanying the bill to be of far greater relative value than any other part of the plantation. The plaintiff paid the first note, and then discovered that his vendor had been mistaken as to the eastern boundary of the plantation, and that it did not embrace any of the woodland of twenty-six acres, all of which belonged to other parties, and that the reserved portion, described in the bond as in the southeast corner of lot one hundred and sixty-one, was not in the lot at all, but considerably to the east of the southeast corner, and on land not owned by the vendor.

The mistake arose from the fact that the land sold lay on the southern line of the ninth district, which was the northern line of the sixth district, and it was supposed that the surveyor's lines running north and south in the ninth district, dividing it into lots, were prolongations of similar lines in the sixth district, which was not true, the eastern boundaries of the lots in the sixth district extending several chains further east than those of the lots in the ninth district, immediately north of them. In pointing out lots numbers one hundred and sixty-one and one hundred and sixty, immediately north of it, the vendee had assumed that they extended as far east as the lot in the sixth district immediately south of lot number one hundred and sixty-one.

Upon discovery of the mistake, the complainant refused to pay his last note for $1,000 00, and the administrator (the vendor having in the meantime died,) brought ejectment. The present bill is filed to enjoin that suit and for an equitable abatement of the note. The defendant de-

murred to the bill for want of equity, and the Court sustained the demurrer and dismissed the bill. It would seem from the ejectment case also brought to the present term, though it is not so stated, because the complainant could set up his defense at law by his plea.

Was the Court right in sustaining the demurrer and dismissing the bill? We think not. If the intestate, at the time of sale, made the representations as charged in the bill, and which the demurrer admits, the case falls within sections 2592 and 3117 of the Revised Code, and entitles the party injured to the interposition of a Court of chancery. The case of *Payne vs. Smith*, 20 Georgia Reports, 654, is relied on by defendant to establish the principle that where the means of information as to the area of the land purchased are within the power of the vendee to obtain, a misrepresentation as to the area by the vendor will constitute no ground of relief unless fraudulently made. The Superior Court in that case charged the jury that, "if a wrong line was fraudulently shewn to Panye, (the purchaser,) then Payne would be entitled to the deduction as insisted on by him." And the Supreme Court adopt this as law. Since that decision was rendered, the Code, section 3117, makes the facts, as alleged by the bill in this case to exist, to constitute legal fraud. In that case the defendant offered to rescind the contract, as set forth in his answer. Complainant declined.

Here there is, it is true, a *quasi* offer to rescind upon *conditions*, which emasculate the offer. While a defendant at law *may*, by his plea, set up any equitable defense he has to the action at law, he is not obliged to do so. If the rule that where there is an adequate remedy at law, equity has no jurisdiction, be applied to this extent, Courts of equity would be abolished in Georgia.

Judgment reversed.