## STONE *vs.* MOORE *et al.*

Where to a suit on certain promissory notes a plea was filed, alleging that the notes were given for the purchase money of land, and that the consideration had wholly failed, because the vendor represented the land to be fertile, to have a spring on it, and to be covered with hickory wood, all of which was false, such plea was properly stricken on demurrer, there being no plea of damages in abatement of the purchase money, and no offer to annul the contract, and it not appearing that the purchaser was deprived of the opportunity of inspecting the land for himself by the fraudulent acts or conduct of the vendor. Such things as the soil, timber or springs on land are open to inspection, and the purchaser is wilfully negligent if he fails to look and see for himself, and neither law nor equity will relieve him from his own want of diligence.

November 17, 1885.

Fraud. Consideration. Pleadings. Warranty. Damages. *Laches.* Equity. Before Judge WILLIS. Chattahoochee Superior Court. March Term, 1885.

Reported in the decision.

C. J. SHIPP; C. J. THORNTON, for plaintiff in error.

W. B. BUTT, by S. B. HATCHER, for defendants.

BLANDFORD, Justice.

Moore sued Stone on several promissory notes. Stone filed a plea, in which he alleged that said notes were given for land, and that the consideration of the same had wholly failed, because Moore represented that the land was fertile, and had a good spring on it, and was covered with hickory timber, all of which was false. This plea was demurred to by Moore. The courts sustained the demurrer, and this is the decision complained of. It will be noted that there is no allegation that Stone was prevented from examining the land by any act of Moore, and also there is no offer to rescind the contract made by Stone, as appears by the plea.

We think the demurrer well taken to the plea, under section 2635 of the Code, sub-sec. 4, and also section 2652. By this last section it is enacted that " a breach of warranty does not annul the sale if executed, but gives the purchaser a right to damages. It may be pleaded in abatement of the purchase money." There is no offer to annul the sale in this case, and there is no plea of any damages sustained by Stone in abatement of the purchase money. When the consideration of a contract is for land, the purchaser contracts with his eyes open, and if he is not in some way deprived of the opportunity of inspecting the land for himself by the fraudulent acts or conduct of the vendor, he will not be heard to complain; such things as the soil growth or springs on the land are open to inspection, and he is wilfully negligent if he fail to look and see for himself; it is his fault and negligence, and he cannot be heard, either at law or in equity, to complain of the conduct of the other party, the effects of which could have been averted by slight diligence on his part. Code, §3126.

Judgment affirmed.