### BRANNEN *v.* BRANNEN.

HOLDEN, J. Where the vendor sues the purchaser on notes given by the latter to the former for the purchase-money of land, it is error to strike a plea of the defendant, alleging that at the time of the contract of purchase the vendor misrepresented to him the location of one of the boundary lines of the tract purchased, whereby he failed to get a portion of the land which he contracted to buy, and "said misrepresentation was made by the plaintiff to the defendant knowingly and willfully and for the purpose of deceiving the defendant, and did actually deceive him to his damage" in a named sum. *Elder* v. *Allison,* 45 *Ga.* 13; *Smith* v. *Kirkpatrick,* 79 *Ga.* 410 (7 S. E. 258) ; *Folsom* v. *Howell,* 94 *Ga.* 112 (21 S. E. 136) ; *James* v. *Elliott,* 44 *Ga.* 237.

(*a*) The court committed no error in striking a plea of the defendant, to the effect that the vendor misrepresented to him the character and value of the timber on the land, when, as far as disclosed by the plea, the defendant had sufficient opportunity to inspect the same and was not prevented from so doing by any artifice or fraud of the vendor, but relied

upon the latter's representations as to these matters. *Thompson* v. *Boyce,* 84 *Ga.* 497 (11 S. E. 353); *Tindall* v. *Harkinson,* 19 *Ga.* 448; *Stone* v. *Moore,* 75 *Ga.* 565; *Martin* v. *Harwell,* 115 *Ga.* 156 (41 S. E. 686).

(*b*) It appearing that the contract of sale was in writing, it was proper to strike from the plea seeking an abatement of the purchase-price that portion wherein it was alleged that the vendor "represented" to the defendant "that at any time the defendant became dissatisfied with his purchase, that if he did not find the tract of land to be as he had represented it to be, that he would take it back, cancel his notes, return to him the money that he had paid on it, and pay him for the improvements made thereon," as such alleged parol agreement would vary the terms of a complete and unambiguous written contract, as far as disclosed by the pleadings. *Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 199 (6), 210 (37 S. E. 485, 81 Am. St. R. 28).

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

JANUARY 11, 1911.

Complaint. Before Judge Rawlings. Bulloch superior court. October 25, 1909.

*Anderson & Speer* and *H. B. Strange,* for plaintiff in error.

*J. F. Brannen,* contra.