## COHRON *v.* WOODLAND HILLS COMPANY.

1. A contract of purchase of real estate may be rescinded at the instance of the party defrauded, if promptly upon the discovery of the fraud he restores or offers to restore whatever of value he received by virtue of the contract. Where the authorized sales agent of the owner of a lot represented to the purchaser that the lot was located upon a named avenue in the City of Atlanta, when such representation was false and known by the agent to be false, and where such representation was made to induce the purchaser to buy the lot, and where the purchaser relied upon such statement in buying the lot and entering into a contract for the purchase thereof with the owner, the misrepresentation was such a fraud as would entitle the purchaser to rescind the contract of purchase.

2. While a misrepresentation by a vendor of land, as to its quality, value, or condition, will not entitle the buyer to a rescission of the contract of sale, where the buyer had ample opportunity to inspect the land and inform himself as to its quality, value, or condition, and was not prevented by the seller's fraud from so doing, but chose to rely upon the statement of the seller as to such matters, and willfully neglected to look and see for himself, a false representation by the sales agent of the seller to the purchaser that a lot was located on a named avenue, which was made to induce the purchaser to buy the lot, and, with the same purpose, was repeated in the sales contract and in the bond for title given by the maker to the purchaser, with knowledge of its falsity, was such a fraud as would entitle the buyer to rescind the contract of sale, and she will not be precluded from so doing by reason of her failure to investigate and inform herself of the truth of the representation before entering into the contract of sale, although such investigation would have shown that such representation was false.

3. The duty rests upon a party who seeks to rescind a contract, upon the ground of fraud, to make such effort to discover the fraud as would amount to ordinary diligence in law; but under the facts of this case we can not hold as a matter of law that the plaintiff is precluded, by her delay and laches in the discovery of the fraud, from prosecuting her suit for rescission.

4. Applying the above rulings, the court erred in sustaining the demurrer to the petition.

No. 5819. JULY 28, 1927.

Equitable petition. Before Judge Ellis. Fulton superior court. November 22, 1926.

Mrs. Lillian Cohron, on April 14, 1925, filed her petition against

Cancellation of Instruments, 9 C. J. p. 1170, n. 94.

Contracts, 13 C. J. p. 394, n. 12.

Fraud, 26 C. J. p. 1150, n. 79; p. 1429, n. 65.

Vendor and Purchaser, 39 Cyc. p. 1253, n. 99; p. 1255, n. 6; p. 1260, n. 24; p. 1262, n. 35; p. 1266, n. 51; p. 1279, n. 41; p. 1280, n. 45; p. 1281, n. 50; p. 1282, n. 64, 65; p. 1423, n. 41; p. 1424, n. 44; p. 1428, n. 63.

Woodland Hills Company, in which she made the following allegations: On June 24, 1920, said company sold to her, under a sales contract, lot 3 in block 11, of the Woodland Hills Subdivision, for the sum of $700, payable $50 down and $10 per month. On April 11, 1922, the company executed to her a bond for title, in which said land was more specifically described as follows: A certain part, tract, or parcel of land, situated, lying, and being in land lot four (4) of the seventeenth (17th) district of Fulton County, Georgia, in Woodland Hills, and more particularly described as follows: Beginning at a point on the easterly side of Highland Avenue ninety-four (94) feet, more or less, northerly from the northeast corner of Highland Avenue and Ogilvie Drive in said Woodland Hills; running thence easterly one hundred and fifty (150) feet; thence northerly forty-seven (47) feet; thence westerly one hundred and fifty (150) feet, to the easterly side of Highland Avenue; thence southerly along the easterly side of said Highland Avenue forty-seven (47) feet to point of beginning, the same being lot # 3 in block 11, as per plat of Woodland Hills, made by Knox T. Thomas, C. E., July, 1920, recorded in office of clerk of Fulton Superior Court in plat-book 8, pages 25 and 26. She purchased said land through the agent of the company upon his representation that said land was on Highland Avenue in Atlanta. At the time said sale was made the company, through its agents, exhibited a blue-print showing that said property was on Highland Avenue, and that the same was of record in the plat-book of Fulton County. Believing that said property was on Highland Avenue, she purchased the same and has paid approximately $400, including $200 paid before the giving of the bond for title and $200 since said date. When the company executed to her its bond for title the property was therein described as being on Highland Avenue, and she believed said representation to be true, and acted upon the same. Said representation was false, and was unknown to her, and she has been damaged thereby. The false representation that said property was located on Highland Avenue induced her to buy, and said representation was made for the purpose of misleading and inducing her to act upon the same. Said misrepresentation was made by the company through its agent, and by its agents who executed to her said bond for title, and by acting upon the same she has been

damaged in the sum she has paid for said lot. The company knew that she would not buy said premises if the property was not located on Highland Avenue, and they made the false representation as to its location for the purpose of inducing her and others to spend their money for property which was falsely represented. Said property was not on Highland Avenue at the time of this sale, and was not at the time the bond for title was executed. Highland Avenue is a thoroughfare in the City of Atlanta, running north and in the direction of the property sold to petitioner. Property located on Highland Avenue has a sales advantage over other property in the locality where petitioner purchased. She now holds bond for title wherein the defendant was bound to execute to her a warranty deed to the property described therein. As soon as she was informed, and upon investigation found to be true, that said property was not on Highland Avenue as represented to her, but was further out beyond Highland Avenue, approximately one and one half miles therefrom, she refused to complete her contract; and she brings this suit for rescission of the same, on the ground of wilful and malicious fraud of the company, for the purpose of misleading and inducing her to buy said property. The lot sold to her was not worth $700, considering its locality and the distance from Highland Avenue, and was not worth the balance due of $300. Said company is not now able and was never able to make her a deed conveying her the property described on Highland Avenue. Unless a court of equity restrains it from proceeding against her for the balance due on said property, she will be without legal remedy, and will suffer irreparable damage. As soon as she learned the truth about said transaction she refused to pay any more on said lot, and demanded the return of the money paid thereon, which the defendant refused. She prayed that the company be restrained from filing suit for the balance due, that her contract to pay such sum be rescinded, that the money advanced by her on the same be returned to her, and that she have damages in the sum of $200 as attorney's fees in asserting her rights in the premises; and for general relief.

The defendant demurred to the petition, upon the grounds, (1) that it set forth no cause of action, (2) that its allegations did not authorize the granting of the equitable relief prayed, and (3) that it did not show that the plaintiff rescinded or attempted

to rescind the contract of purchase when she discovered, or in the exercise of ordinary diligence should have discovered, the alleged representations of the defendant's agents to be untrue.

On May 20, 1926, the plaintiff amended her petition, as follows: D. W. White, duly authorized agent and salesman for the defendant, negotiated and sold to her the property described. Said agent made false and fraudulent representations to her concerning its location, and knew at the time he made the representations concerning its location that she would not buy the same unless it was on Highland Avenue, Atlanta. He made said representations for the purpose of consummating the sale with her. At the time she purchased said property said agent informed her that she could not reach said property by going out Highland Avenue, but said property was located on said avenue, and he informed her that the best way to reach it would be to drive out Piedmont Road to a distance approximately parallel with the end of Highland Avenue, then drive east on the paved highway until they came to the intersection of Highland Avenue and said cross-country highway, and then take the route on what was termed Highland Avenue and drive to the location of said property. This was the route followed by said agent in carrying her to the location of said property. After this agent left the highway and turned into what he called Highland Avenue, he told her that it was only a very short distance through the woodland from said subdivision to Ansley and Piedmont Parks; and he told her the reason he did not carry her out Highland Avenue to the property described herein was that the bridge on Highland Avenue was being reconstructed, and that the public had been barred from said highway, and that the road he carried her was the only available way to reach said property. She believed said agent concerning its location, and believed said property was on Highland Avenue, until a very short time preceding the filing of this suit, when she tried to sell it, and the purchaser informed her that it was not on Highland Avenue. After investigation she was informed by the county commissioners that said property was not on Highland Avenue when she visited said section, and found that said property was not even reputed to be on Highland Avenue. Immediately thereafter she demanded of the company a rescission of said contract, offered to surrender her bond for title and cancel the same, and requested the company to

return her $400 which she had paid. This the company refused to do. She never made another payment after she discovered the fraud complained of, but immediately renounced her contract and instructed her counsel to file suit to insure her rights in the premises. The defendant took her money in monthly installments of $10 over a period of approximately three years, and executed her a bond for title describing the property as being on Highland Avenue, and confirmed the fraud perpetrated on her by its agent. By reason of such fraud she has been damaged in the sum of $400, with interest thereon. At the time she purchased the land it was not worth more than $300. She has lost the sum of $300 by reason of the fraudulent investment she made in buying said property. She has been put to the expense of $200 as attorney's fees in maintaining this action against the company. She prays for rescission and cancellation of the contract, for $300 damages, and for attorney's fees.

On May 20, 1926, the demurrer was sustained, with leave to the plaintiff to amend within ten days. On May 28, 1926, the petition was amended as follows: Highland Avenue, to which she referred, is Highland Avenue running north through the City of Atlanta, and across North Boulevard, Ponce de Leon Avenue, and in a northward direction across the entire northern part of the city, and into the countryside north of the city near and adjacent to the property purchased by petitioner and described in her original petition. It is a public thoroughfare and one of the leading streets, and one of the best residential sections of the city. The defendant's agent, D. W. White, told her that the land she was buying was located on the Highland Avenue above described. She believed that the property purchased was on said avenue, and the agent selling her the property assured her it was located on said thoroughfare, and she purchased the same upon such representation. To the petition as thus amended, the defendant demurred upon the grounds, (1) that it does not contain allegations entitling plaintiff to the relief sought; (2) that under the allegations of the petition the plaintiff was guilty of laches and negligence in not discovering the alleged fraud of defendant's agents, and in not offering to rescind such contract promptly when such fraud was or should have been discovered; (3) the means of discovering the location of said property was at all times available to the plain-

tiff, who made no attempt to learn its true location, and chose to rely upon the alleged representations of such agent; (4) that plaintiff under said allegations could readily have ascertained the location of said property, and by common prudence could have protected herself, but through indifference or neglect she failed and refused so to do; (5) that under her allegations she had at hand all the means of discovering the true location of said property and the value thereof, and it appears that she was furnished with an accurate description of the same by metes and bounds, and was referred to a plat of record containing such description of its location, several years prior to her attempted rescission, and no reason appears from the petition why she could not have discovered the exact location of said property, the name of the street adjoining it, and its distance from the points referred to in her petition; (6) that the damages claimed by her are not legally recoverable; and (7) that the petition nowhere alleges the name of the street or road adjoining said property, or its true location, and does not sufficiently show how such alleged representations by the defendant were false. On November 18, 1926, the demurrer was sustained, and the petition as amended stricken. To this judgment the plaintiff excepted.

The defendant in its answer, by way of cross-petition, sought to recover the balance of the purchase-money due by the plaintiff. On November 22, 1926, the court directed a verdict in favor of the defendant on its cross-petition for $300 principal, $115.50 interest to date, and costs of court. On the same day judgment was rendered in favor of the defendant against the plaintiff on said verdict. To this verdict and judgment the plaintiff excepted.

*H. W. McLarty,* for plaintiff. *Hooper & Hooper,* for defendant.

HINES, J. (After stating the foregoing facts.)

1. Fraud voids all contracts. Civil Code (1910), § 4254. Fraud by which the assent of a party has been obtained to a contract of sale voids the contract. § 4712. Fraud will authorize a court of equity to annul conveyances, however solemnly executed. § 4629. A contract may be rescinded at the instance of the party defrauded, if promptly upon the discovery of fraud he restores or offers to restore to the other whatever of value he has received by virtue of the contract. § 4305; *East Tennessee etc. Ry. Co.* v. *Hayes,* 83 *Ga.* 558 (10 S. E. 350). Fraud may exist from mis-

representation by either party, made with design to deceive, or which does actually deceive the other party; and in the latter case such misrepresentation voids the sale, though the party making it was not aware that his statement was false. Civil Code (1910), § 4113. So in this case, if the defendant, through its selling agent, represented to the plaintiff that a lot which he was endeavoring to sell to her was located upon a popular residential thoroughfare in the City of Atlanta, when such representation was false, and if such representation was wilfully made to the plaintiff to induce her to buy said lot, and if she acted upon such representation in buying the same and in entering into a contract of purchase thereof with the defendant, and was thereby damaged, such false and fraudulent representation so made by the agent of the defendant, with knowledge of its falsity, was such fraud as would entitle the plaintiff to rescind the contract of purchase, if she was not for some other reason precluded from seeking its rescission. Misrepresentation as to a material fact, made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitutes legal fraud. Civil Code (1910), § 4623.

2. It is strenuously urged by counsel for the defendant that a court of equity will not afford relief to a party who, with all the means of protecting himself against the imposition of the other party, abandons them and relies upon his statement as to the location of the property purchased. To support this proposition counsel cite the cases of *Newsom* v. *Jackson,* 26 *Ga.* 241 (71 Am. D. 206), *Allen* v. *Gibson,* 53 *Ga.* 600, *Stone* v. *Moore,* 75 *Ga.* 565, *Martin* v. *Harwell,* 115 *Ga.* 156 (41 S. E. 686), and *Hart* v. *Waldo,* 117 *Ga.* 590 (43 S. E. 998). In *Newsom* v. *Jackson* the representation relied on by the plaintiff for recovery was that a third person was solvent and responsible, upon the strength of which the party to whom the representation was made extended credit to the person represented to be solvent and responsible, when in fact he was insolvent. The party extending the credit and the person to whom credit was extended did business in the same place, and the former had daily opportunity of ascertaining the financial condition of the person to whom he extended credit for nearly a year, intending to hold the person making the representation liable for the price of the goods sold. In that case this court

held that a court of equity would not aid the creditor who did not use his own sense and discretion in ascertaining the truth of the representation that his debtor was solvent. In *Allen* v. *Gibson,* the purchaser of land acted upon the representation of the seller and another as to its value, and undertook to set up as a defense to the notes given for the purchase-money that he had paid too much for the land, relying upon such representation which was untrue. The land purchased adjoined that of the buyer, who had ample opportunity to examine the land and ascertain for himself its value; and this court held that if, instead of examining and looking at the land himself before he purchased it, he relied upon the representation of the seller as to its value, he had no one to blame for his credulity and folly but himself, and that the courts would not relieve him. That decision cited *Tindall* v. *Harkinson,* 19 *Ga.* 448, in which case this court had ruled that "A contract for the sale of land will not be vitiated by a mere false assertion of the vendor, as to the quality and value thereof, where the buyer has full opportunity of forming a correct judgment, and is not prevented by the artifice of the seller from making the necessary examination; especially where the rescission is not applied for within a reasonable time after the injury is discovered." In *Stone* v. *Moore,* the false representation was as to the soil, timber, or springs on lands, which were open to inspection, and the purchaser was wilfully negligent in failing to look and see for himself. This court held that neither law nor equity would relieve the purchaser from his want of diligence. In *Marlin* v. *Harwell,* the representation was as to the quantity and character of timber upon a described tract of land. The purchaser had ample opportunity to inspect the land for himself and ascertain the quantity and character of the timber thereon, and was not prevented by the seller's fraud from so doing. He voluntarily chose to rely upon the representation of the seller as to these matters. In these circumstances this court held that he was not entitled to relief. *Hart* v. *Waldo* does not support this contention of counsel. What he quotes from that case in his brief is from a concurring opinion of one of the Justices of the court.

In the above cases the representations had reference to the value, quality, or condition of the property purchased. Furthermore, in those cases, the sellers did nothing to prevent the buyers from

examining the property purchased and from ascertaining its quality, value or condition. It is true one can not close his eyes to a condition in a thing purchased which is so patent that by mere inspection he could have ascertained its existence; but there is no rule of law or any decision of any court that goes to the extent of saying that one who has been imposed upon by a deceitful and false statement can have no relief, unless, before acting upon such statement, he had exhausted all means at his command to ascertain its truth. This would be in effect holding that scarcely under any circumstances would relief be granted to one who had been the victim of misplaced confidence in his fellow-man. In *Reid* v. *Flippen,* 47 *Ga.* 273, it was held that it was error in the court to charge the jury that the defendant in a suit to recover the purchase-money of mules could not set up false representations as to age in defense to the suit, unless it further appeared that he could not at the time have discovered the truth by using the ordinary caution of a prudent trader. In *Southwestern Railroad Co.* v. *Papot,* 67 *Ga.* 675, the false representation was in reference to the freedom of property from encumbrances. In that case the trial court charged that the purchasers could rely upon the statement of the seller that the property was free from encumbrance; and that if such statement was false, the purchaser would be entitled to relief. In *Brannen* v. *Brannen,* 135 *Ga.* 590 (69 S. E. 1079), the vendor, at the time of the contract of purchase, misrepresented to the purchaser the location of one of the boundary lines of the tract purchased, whereby the purchaser failed to get a portion of the land which he contracted to buy. The misrepresentation was made by the seller to induce the purchaser to buy, and the purchaser acted thereon and was thereby deceived to his damage. This court held that the purchaser was entitled to relief. In *James* v. *Elliott,* 44 *Ga.* 237, the false representation was as to the boundary of the land. In *Elder* v. *Allison,* 45 *Ga.* 13, the misrepresentation was as to the area of the land. In *Smith* v. *Kirkpatrick,* 79 *Ga.* 410 (7 S. E. 258), the misrepresentation was as to one of the boundaries of the tract of land sold. In *Folsom* v. *Howell,* 94 *Ga.* 112 (21 S. E. 136), the misrepresentation was as to the boundaries of a tract of land sold by an administrator. If a misrepresentation as to the boundary of a tract of land, made by the seller to induce the buyer to purchase, upon which the

buyer relied in making the contract of purchase, entitles the purchaser to relief at law or in equity, we see no reason why a misrepresentation as to the location of the land purchased would not entitle the purchaser to rescind the contract in a proper case. As to the distinction between the cases upon which counsel for the defendant rely, and the cases cited by us in support of the position which we take, see *Boyd* v. *Robinson,* 104 *Ga.* 793 (31 S. E. 29). But if the principle for which counsel for the defendant in error contend is applicable, the plaintiff's case falls within it. By a trick of the company's agent she was prevented from discovering, before the contract of sale was closed, that this property was not on Highland Avenue. He took her by a circuitous route to the property, telling her that they could not go out Highland Avenue to see it. If they had gone out that avenue the plaintiff could have easily discovered that the lot was not located on that avenue, as the company's agent had reported it to be; but by taking a blind route to it, the plaintiff was denied the opportunity of finding out that the agent's representation was false.

3. It is next insisted by counsel for the defendant that the plaintiff is precluded, by her delay and laches, from seeking a rescission of the contract of sale. It is true that the duty rests upon a party who seeks to rescind a contract, upon the ground of fraud, to make such effort to discover the fraud as would amount to ordinary diligence in law. *Massachusetts Benefit Life Association* v. *Robinson,* 104 *Ga.* 256, 272 (30 S. E. 918, 42 L. R. A. 261); *Reynolds etc. Co.* v. *Marlin,* 116 *Ga.* 495, 502 (42 S. E. 796). Equity gives no relief to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right. Civil Code (1910), § 4536. We can not hold as a matter of law that the plaintiff is precluded, by her delay and laches in discovering the fraud, from prosecuting her suit for rescission. This misrepresentation was repeated by the company by inserting it in its bond for title to the purchaser, executed on April 11, 1922. It was embodied in each monthly note given by the purchaser to the company for the purchase-money of the lot. The acceptance of payment of each monthly note with this misstatement in it, and its delivery to the purchaser, in effect amounted to a repetition of the misrepresentation. This continued up to the time the purchaser discovered its falsity and repudiated the sale.

Of course a party who seeks to rescind a contract, upon the ground of fraud, must do so promptly upon the discovery of the fraud.

4. Applying the above rulings, the court erred in sustaining the demurrer to the petition.

*Judgment reversed. All the Justices concur, except Gilbert, J., who dissents.*