HAYS *et al.* v. McGINNESS *et al.*

No. 17614. Submitted October 8, 1951—Decided November 13, 1951—Rehearing denied November 28, 1951.

*Gleason & Painter* and *A. W. Cain Jr.*, for plaintiffs in error. *Shaw & Shaw* and *McClure & McClure*, contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The sufficiency of the allegations of fraud is challenged by the general demurrer. The petitioners alleged: that the defendants represented that there was on said land an unfailing supply of water, that the defendants had lived there for six of the hottest months of the year, kept eight hogs thereon with no shortage of water, and that the well was adequate for all household and farm needs; that the supply of water was a material factor in fixing the value of the land, and immediately upon moving upon said land they found the well practically dry; that there is connected with the electric pump in the well a storage tank with a capacity of 30 gallons, and there was never

enough water in the well to more than fill this tank; and that, after moving upon the premises, they have been compelled to haul water from other sources. By amendment it was further alleged: "Petitioners show that the land purchased by petitioners from defendants consists of a farm of approximately 15 acres; that petitioners' family consists of themselves and two small children (a family of four), and that petitioners were desirous of purchasing said land as a home for themselves and family, which fact was known to defendants. Petitioners show that defendants, both personally by D. L. Hays, and through their agent, E. H. Norwood in presence of defendant Mrs. Beatrice Hays, represented to petitioners that the well on said land (which was the only water supply on said land) would at all seasons of the year furnish a sufficient supply of water for the usual domestic purposes of a family of four; for household use, cooking, drinking, bathing, and laundry and for the maintenance of such livestock as is usual on a small farm of 15 acres, as one cow, one mule, two hogs and 50 chickens. Petitioners show that a reasonable and adequate supply of water for household, domestic, and farm purposes for a family of four (including two small children) is from 75 to 100 gallons per day. Petitioners show that said well did not at any time furnish a supply of water sufficient for domestic and household use; that the water in said well was seepage water only, and that said well at no time contained more than thirty gallons of water, nor furnished more than 30 gallons of water a day. Petitioners show that they complained to defendants of the shortage of water within three or four days after going into possession of said land. . . Petitioners show that there has at no time been sufficient water in said well for household and domestic purposes; at no time have petitioners been able to obtain more than 30 gallons per day from said well. . . Petitioners show that defendants knew at the time of making the representation set out in said petition that the said well would not furnish sufficient water for household and domestic purposes, and said representations were false, known to defendants to be false, were made to deceive petitioner and for purpose of inducing them to purchase said property and did deceive petitioners and induce them to purchase same."

Assuming without deciding that the foregoing representations were not mere expressions of opinion, but were statements of facts fraudulently made—such would not vitiate the sale. The volume of water in the well, and its daily flow, were facts that could have been determined by the exercise of the slightest diligence on the part of the purchasers, and the petition contains no allegation that the purchasers were prevented by the artifice of the seller from making the necessary examination. It has long been the rule of law in this State that, in the sale of land, the purchaser contracts with his eyes open; and, if he is not in some way deprived of the opportunity of inspecting the land for himself by the fraudulent acts or conduct of the vendor, he will not be heard to complain. As to such things as quality and condition which are open to inspection, he is wilfully negligent if he fails to look and see for himself, and he cannot be heard, either in law or equity, to complain of the conduct of the seller, the effects of which could have been averted by slight diligence on his part. *Stone* v. *Moore*, 75 *Ga.* 565; *Martin* v. *Harwell*, 115 *Ga.* 156, 162 (41 S. E. 686); *Brannen* v. *Brannen*, 135 *Ga.* 590 (1) (69 S. E. 1079); *Grant* v. *Maxwell*, 160 *Ga.* 612 (1) (128 S. E. 803); *Morrison* v. *Colquitt County*, 176 *Ga.* 104 (1) (167 S. E. 321); *Edge* v. *Winters*, 208 *Ga.* 196 (66 S. E. 2d, 57).

Accordingly, the trial judge erred in overruling the general demurrer, and all further proceedings were nugatory.

*Judgment reversed. All the Justices concur.*