### 19142. TINGLE v. SEIGNIOUS.

CANDLER, Justice. Where one, as here, while negotiating for the purchase of realty, has an opportunity to examine it before agreeing to buy, but fails to do so and voluntarily relies on statements made by the seller concerning its character and value, a written contract to sell and purchase the property subsequently executed by the contracting parties will not, on petition therefor by the purchaser, be rescinded and set aside because of the falsity of such statements, unless some fraud or artifice was practiced by the seller to prevent such examination by the purchaser; and this is true although the purchaser in agreeing to buy relied upon the seller's representations as to the character and value of the property as being true, and in consequence of such reliance acted to his injury. *Tindall* v. *Harkinson,* 19 *Ga.* 448; *Collier* v. *Harkness,* 26 *Ga.* 362 (71 Am. D. 216); *Allen* v. *Gibson,* 53 *Ga.* 600; *Stone* v. *Moore,* 75 *Ga.* 565; *Fuller* v. *Buice,* 80 *Ga.* 395 (6 S. E. 17); *Thompson* v. *Boyce,* 84 *Ga.* 497 (11 S. E. 353); *Martin* v. *Harwell,* 115 *Ga.* 156 (41 S. E. 686); *Morrison* v. *Colquitt County,* 176 *Ga.* 104 (167 S. E. 321). In this case, the falsity of the statements allegedly made by the seller could have been discovered by the purchaser through the exercise of the slightest degree of diligence before she signed the contract to buy the seller's property; and if she has made a bad bargain by her failure to acquaint herself with facts which were easily ascertainable, a court of equity will not aid her in rescinding her contract to purchase by decreeing a cancellation of it. *Cohron* v. *Woodland Hills Co.,* 164 *Ga.* 581 (2) (139 S. E. 56); *Mims* v. *Cooper,* 203 *Ga.* 421 (2c) (46 S. E. 2d 909). Courts of equity grant no relief to one for an injury which he or she could have avoided by the exercise of ordinary diligence. The duty rests upon a party, who seeks to rescind a contract on the ground of fraud, to make such effort to discover the fraud as would in law amount to ordinary diligence. *Little* v. *Reynolds,* 101 *Ga.* 594 (2) (28 S. E. 919), and cases cited; *Mass. Benefit Life Assn.* v. *Robinson,* 104 *Ga.* 256, 272 (30 S. E. 918, 42 L. R. A. 261); *Feingold* v. *McDonald Mortgage &c. Co.,* 166 *Ga.* 838, 844 (2) (145 S. E. 90).

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 11, 1955—DECIDED NOVEMBER 14, 1955.

*Harold Sheats, Davis & Stringer, W. Dan Greer,* for plaintiff in error.
*Weekes & Candler,* contra.