23293. WEBB et al. v. JONES et al.

DUCKWORTH, Chief Justice. 1. A court of equity may order the sale of real property held by a life tenant and divest title of contingent remaindermen, including born and unborn children, where the funds are ordered re-invested and provided such facts are alleged to show waste and deterioration of the property unless such sale is allowed. *Cooney v. Walton,* 151 Ga. 195 (106 SE 167); *Hamilton v. Kinnebrew,* 161 Ga. 495 (131 SE 470); *Kennedy v. Durham,* 220 Ga. 310 (138 SE2d 567).

2. The petition alleging that the petitioner has a life estate in the property which is producing no income, the buildings thereon are deteriorating, and the taxes, insurance and the upkeep are heavy and burdensome, and the petitioner is without funds to pay same, and no longer able to farm the land which is now becoming valuable as subdivision property; that he has a good offer for the sale of same as such; that certain contingent remaindermen have by deed authorized him to encroach upon the corpus; that the remaindermen by will of his mother would be his children, but he has none;

and that the other contingent remaindermen are his living sister and the heirs of his deceased sisters under the will of his mother; and praying for a declaration of the interest of all the parties, whether fee simple, reversionary, vested or "continued" be declared and decreed; that he be allowed to sell said property at private sale and convey fee simple title free and clear of all reversionary interest, and for the court to provide for the division, use and preservation of said funds so received so as to do justice to all parties, shows a good cause of action for the relief sought, and it is not subject to the motion to dismiss in the nature of a general demurrer.

3. Special demurrers were sustained to the answer of only one of the appellants but in that instance the same were properly sustained since the paragraphs of the answer stricken amount to mere conclusions of the pleader that there were misrepresentations of fact, nor is it alleged that the defendants relied on the alleged misrepresentations of value of the land or were prevented from making a determination of the value before executing the deed allowing the petitioner to encroach thereon, nor could they rely upon his statement of the legal effect of their act in executing the same. See *Edge v. Winters*, 208 Ga. 196 (66 SE2d 57); *Hays v. McGinness*, 208 Ga. 547 (67 SE2d 720); *Tingle v. Seignious*, 212 Ga. 71 (90 SE2d 408). The fact that the consideration was not paid does not authorize the cancellation of these deeds. The enumeration of error complaining of this ruling is without merit.

4. There being no reported transcript of the evidence, and there being a dispute between counsel for both parties as to the actual testimony, and the court being unable to recall it, this court is unable to review the motion for nonsuit, the motion to dismiss and any part of the final decree based on the testimony. *Code Ann.* § 6-805 (Ga. L. 1965, pp. 18, 24).

5. Since the guardian ad litem does not represent the appellants and is not complaining of any judgment, these appellants can not question his appointment or any ruling which affects the guardian's ward since this would not affect any judgment against them. The enumerations of error complaining that he was not properly and legally appointed can not be considered in reviewing the rulings complained of by these two appellants.

6. There was no prayer for attorney's fees or allegations show-

ing that any should be awarded. It follows that the court erred in awarding attorney's fees and the enumeration of error complaining of this award is meritorious. See *Eckford v. Borough of Atlanta,* 173 Ga. 650 (160 SE 773).

7. The petitioner cannot deny he took a life estate under the will of his mother, hence, the property could not be divided as the court did in the final decree into 5 equal parts, allowing the petitioner to dispose of $\frac{1}{5}$th of the funds received outright. If petitioner dies without heirs, his living sister and the heirs of his deceased sisters would inherit the property as heirs of his mother—his living sister and the two single heirs of two deceased sisters inheriting $\frac{3}{4}$ths of the funds, $\frac{1}{4}$th to the living sister, and $\frac{1}{4}$th to each of the single heirs, and the last $\frac{1}{4}$th being divided between the 6 living children of the other deceased sister and the 8 heirs of her deceased child. Dividing the funds into 896 equal parts, the deeds from the 11 contingent remaindermen would authorize him to encroach upon 816 parts or 51/56ths of the entire sum. However, six individuals did not authorize him to encroach upon the corpus, hence 80 parts of the proceeds should be kept separate and apart for distribution to those heirs who have not signed the deeds upon the death of the petitioner or 5/56ths of the funds received. The court did not err in authorizing the sale and awarding the petitioner all interest accruing during his lifetime but did err in allowing him to dispose of $\frac{1}{5}$th of all funds received outright; in disposing of 13/14ths of the corpus if he deems best for his support and upkeep, the correct amount being 51/56ths of the proceeds; and setting apart 1/14th part for distribution upon the death of the petitioner, the correct amount being 5/56ths of the entire corpus, and in awarding attorney's fees. The judgment is therefore affirmed with direction that the court amend its final order as to the above division and strike the attorney's fees. No other part of the final decree can be reviewed since there is no stipulated or approved transcript of evidence which can be considered.

*Judgment reversed in part; affirmed in part, with direction. All the Justices concur.*

ARGUED JANUARY 10, 1966—DECIDED JANUARY 18, 1966—REHEARING DENIED FEBRUARY 2, 1966.

*J. D. Perkins,* for appellants.

*R. F. Duncan,* for appellees.