## 50697. DIAMOND v. CHATHAM COUNTY BOARD OF TAX ASSESSORS.

MARSHALL, Judge.

This is a pro se appeal from a judgment by the Superior Court of Chatham County upon findings of a jury in a trial de novo of an increase in market value of real estate with a concomitant increase in assessment and property taxation. Appellant, the property owner and taxpayer, also filed a motion for new trial which was denied. While appellant alleges error in the denial of his petition for new trial, his enumerations of error deal exclusively with alleged errors at the trial de novo. By order of the Superior Court of Chatham County, when appellant's hearing on his motion for new trial was set, appellant was directed to prepare a brief of facts inasmuch as the proceedings at the trial de novo were not recorded. The preparation of a trial transcript was not requested either by the appellee, board of tax assessors, or by appellant. The board of tax assessors is now unable and unwilling to agree with the appellant's statement of facts nor would the appellees agree with appellant's statement of facts at the hearing on the motion for new trial. In his order denying appellant's motion for new trial, the Superior Court of Chatham County, Judge Oliver,

presiding, found that he also was unable to recall what transpired at the trial de novo. *Held:*

The case of *Cowart v. Cowart,* 223 Ga. 487 (156 SE2d 94) is dispositive of this case, as we are in complete agreement with its holding. It was said in the *Cowart* case: "The evidence and proceedings in the trial court were not reported by the court reporter. The purported transcript and proceedings filed in this case was prepared by the appellant and has not been agreed to by opposing counsel. The trial judge was unable to recall the facts of the case and entered an order to this effect. Code Ann. § 6-805 (Ga. L. 1965, pp. 18, 24). The other portions of the record of the trial court before this court do not show that any motion or objection of any kind was made by the appellant or ruled on by the trial judge. *Held:* 1. There [being] no reported transcript of the evidence and proceedings . . . [and] the enumeration of errors [being] dependent upon a transcript of evidence and proceedings [such enumerations] cannot be reviewed by this court where the case is not reported, there is a dispute between counsel of both parties as to what actually transpired at the hearing, and the trial court is unable to recall it. Code Ann. § 6-805 (Ga. L. 1965, pp. 18, 24); *Webb v. Jones,* 221 Ga. 754 (4) (146 SE2d 910). 2. The record properly before this court shows no error of the trial court. In fact it shows no action at all on the purported motions and objections of the appellant. This court is a court for the correction of errors only and has no original jurisdiction. Code Ann. § 2-3704. Therefore, the enumerations of errors complaining of rulings not appearing of record cannot be considered."

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED JUNE 2, 1975 — DECIDED SEPTEMBER 3, 1975.

Herman Diamond, *pro se.*
L. W. *Childs, Jr., Anton F. Solms, Jr.,* for appellee.