A91A0270. HARDAGE et al. v. LEWIS et al.
(405 SE2d 732)

CARLEY, Judge.

Prior to purchasing certain residential real property, appellant-plaintiffs were informed by the sellers that the two stakes located in the backyard indicated that portion of the property which might be taken by the Department of Transportation (DOT) in conjunction with a highway project. In fact, the sellers had already conveyed an easement to DOT, which easement DOT had promptly recorded. Appellants later executed a sales contract and sought financing. They did not, however, have the property surveyed and neither discovered nor were informed of the existence of DOT's easement until well after closing. When they did discover the existence of DOT's easement, appellants brought suit against appellee-defendants for professional negligence. Appellees had been engaged by appellants' lender to survey the property and appellees' survey for appellants' lender had not shown DOT's easement. However, appellants were apparently totally unaware of this survey of the property until closing. Appellees answered and, after extensive discovery, moved for summary judgment. Appellants appeal from the trial court's grant of this motion.

Appellants' claim is not necessarily precluded by the absence of

any contractual privity between themselves and appellees. However, appellants nevertheless cannot recover unless they were injured as the result of their *reliance* upon appellees' allegedly negligent survey. See *Badische Corp. v. Caylor*, 257 Ga. 131 (356 SE2d 198) (1987); *Robert & Co. Assoc. v. Rhodes-Haverty Partnership*, 250 Ga. 680 (300 SE2d 503) (1983); *Walker v. Hurd*, 195 Ga. App. 855, 856 (2) (394 SE2d 925) (1990); *Hutchinson v. Dubeau*, 161 Ga. App. 65, 66 (289 SE2d 4) (1982).

Appellees' survey for appellants' lender was not the first instance whereby the existence of the easement had not been disclosed to appellants. Prior to purchasing the property, appellants had seen the stakes and had been told by the sellers that a portion of the property might be taken by DOT. Appellants made no independent effort to verify the sellers' representations. Accordingly, appellants cannot assert that they were injured as the result of their blind reliance upon the sellers' representations. *Crawford v. Williams*, 258 Ga. 806 (375 SE2d 223) (1989). Appellants are "not entitled to recover if [they] had an equal and ample opportunity to ascertain the truth but failed to exercise proper diligence to do so. [Cit.] . . . ' "Ordinarily the question whether the complaining party could have ascertained the falsity of the representations by proper diligence is for determination by the jury." (Cit.)' [Cit.] However, in the instant case [appellants'] failure to exercise proper diligence appears as a matter of law. [Cit.] It does not appear that there was either a confidential relation between the parties or that [appellants] were prevented, by artifice or fraud, from [determining] the truth or falsity of the alleged representation. [Cit.] . . . [I]t is not disputed that before purchasing the home [appellants] were shown around the property and were aware of the [stakes and their significance with regard to DOT's plans]. . . . [Cits.] [Appellants] made no independent effort to [determine the significance of the stakes]. Neither the sales contract nor the deed made any specific reference to [the easement]. [Cits.] However, the record demonstrates that the [easement was recorded]. . . . [Thus, appellants] had 'notice' of the [easement]. 'It is presumed that a purchaser has examined every deed and instrument affecting the title. He is charged with notice of every fact shown by the records, and is presumed to know every other fact which an examination suggested by the records would have disclosed. (Cit.) . . .' [Cit.] . . . In short, the evidence demonstrates that, while [appellants] allege a misrepresentation as to the [existence of the easement] they failed to exercise any diligence to ascertain [such fact] and blindly relied upon the representation as to this matter. [Cit.] [Appellants] accepted title and entered into possession pursuant to a deed which [was made subject to "all . . . easements . . . of record" affecting the property]. We, therefore, conclude that [appellants'] lack of diligence has been shown as a matter of

law. . . . [Cit.] The evidence showing that any damage [appellants] may have suffered due to the [existence of the easement] must be charged to their lack of diligence and not to their reliance upon any misrepresentation, they have not suffered any damage 'as a result of' [such reliance]." *Zeeman v. Black*, 156 Ga. App. 82, 87-89 (273 SE2d 910) (1980).

Insofar as appellees' survey for the lender is concerned, appellants clearly did not rely thereon to determine the truth or falsity of the sellers' representations. They were unaware of the survey until the closing and then merely used it as belated confirmation that they had not harmed themselves by *their own prior lack of diligence* in determining the truth or falsity of the sellers' representations. That there may have been such after-the-fact reliance upon appellees' special skill and technical knowledge in land surveying is immaterial, since appellants could not have been injured *as a result* of such reliance. Appellants were damaged by their own reliance upon the sellers' representations and they have no viable claim against appellees simply because appellees' survey for the lender did not make the consequences of their own prior lack of diligence manifest at the closing.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED APRIL 30, 1991.

*Frankel, Hardwick, Tanenbaum & Fink, John D. Steel*, for appellants.

*Arnall, Golden & Gregory, J. Randolph Evans, McCalla, Raymer, Padrick, Cobb & Nichols, Carol V. Clark, Teresa Perrotta*, for appellees.