A94A2757. JUNG v. CHEOUN et al.
(455 SE2d 310)

McMURRAY, Presiding Judge.

Hyo Nam Jung ("plaintiff") brought an action against Byung Ho Cheoun and Mal Hae Cheoun ("defendants") to rescind a contract the parties entered into on December 4, 1992, for the purchase and sale of a business known as Glenco Laundry & Cleaners ("the business" or "Glenco Laundry"). Plaintiff alleges he was duped into purchasing the business via a fraudulent misrepresentation by defendant Byung Ho Cheoun that Glenco Laundry had averaged monthly profits of $8,500. Defendants answered and admitted selling

---

Glenco Laundry to plaintiff, but denied giving plaintiff any such information regarding the monthly profits of business. Defendants then counterclaimed for damages stemming from plaintiff's alleged breach of contract. Defendants later moved for summary judgment, contending (in pertinent part) that any loss suffered by plaintiff was due to his own lack of diligence.

On December 4, 1992, plaintiff entered into an agreement with defendants for the purchase and sale of Glenco Laundry. The first meeting to discuss the transaction was arranged by Sung Tai (Phillip) Kang on November 14, 1992.[1] Plaintiff then learned for the first time that the seller of the business was a long-time acquaintance, defendant Byung Ho Cheoun. Phillip Kang, the only other party in attendance at the meeting, "heard [defendant Byung Ho Cheoun tell plaintiff] Jung after few years experience, like him, he could earn about $8,000 something profit." Kang also heard defendant Byung Ho Cheoun "encouraging [plaintiff] Jung to check out everything exactly and carefully. . . ." However, taking defendant Byung Ho Cheoun's word for the value of the business, he agreed (without further inquiry) to purchase Glenco Laundry for $185,000 and (to this end) gave defendant Byung Ho Cheoun $10,000 as "earnest money."

The next day, November 15, 1992, defendant Byung Ho Cheoun contacted plaintiff and expressed concern about plaintiff's lack of business experience, offering to terminate the deal and "give [plaintiff's] $10,000 earnest money back." Plaintiff declined and, on November 17, 1992, presented defendant Byung Ho Cheoun with an agreement for the purchase and sale of Glenco Laundry. Plaintiff and defendant Byung Ho Cheoun executed this agreement and plaintiff turned the matter over to an attorney to consummate the transaction.

On December 4, 1992, plaintiff met defendants at the attorney's office and the parties executed a detailed purchase and sale agreement for Glenco Laundry. Specifically, plaintiff gave defendants a large sum of cash, executed a promissory note for the balance of the purchase price and assumed the lease covering the business premises. Defendants turned Glenco Laundry over to plaintiff.

On February 27, 1993, plaintiff gave Phillip Kang the keys to the business premises and abandoned Glenco Laundry, conveying an intent of return of the business to defendants. Plaintiff thereafter ceased making payments to defendants under the purchase money note and stopped paying monthly rentals under the lease for the business premises.

The trial court granted summary judgment in favor of defendants

---

[1] Kang was not paid a commission, finder's fee or any other compensation for bringing the parties together. He was simply a mutual friend of the parties.

as to plaintiff's claim for rescission of contract. This appeal followed a final judgment in favor of defendants on their counterclaim against plaintiff for breach of contract. *Held*:

Plaintiff contends the trial court erred in granting summary judgment in favor of defendants, arguing that genuine issues of material fact remain on his claim of fraud. We do not agree.

To sustain an action for fraud in the inducement of contract, it must be shown "that one who relied upon the representations of another used the means available to him, in the exercise of diligence, to discover the truth. *Cosby v. Asher*, [74 Ga. App. 884, 887-888 (41 SE2d 793)]. One failing to inform himself, but having equal opportunity of learning the truth, must suffer the consequences of his neglect. *Dortic v. Dugas*, 55 Ga. 484, 496. Also, see *Hunt v. Hardwick & Co.*, 68 Ga. 100, 104." *Blanchard v. West*, 115 Ga. App. 814, 815 (2) (156 SE2d 164). " ' "While questions of due diligence often must be resolved by the trier of fact, that is not always the case. One may fail to exercise due diligence as a matter of law." (Cit.)' *Citizens Bank of Ball Ground v. Johnson*, 191 Ga. App. 155, 158 (1) (381 SE2d 121) (1989)." *Trust Co. Bank of Middle Ga., N. A. v. Stubbs*, 203 Ga. App. 557, 560 (1) (417 SE2d 373).

In the case sub judice, there is some question (because of apparently conflicting statements between plaintiff's deposition and affidavit) as to whether defendant Byung Ho Cheoun actually informed or otherwise duped plaintiff into believing that the monthly business profits of Glenco Laundry were around $8,000. See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1), 30 (2) (343 SE2d 680). However, it is undisputed that plaintiff neither examined the financial records of Glenco Laundry nor asked to examine such records before purchasing the business. In fact, there is proof that plaintiff ignored defendant Byung Ho Cheoun's recommendation to "check out everything exactly and carefully. . . ." This evidence, undisputed evidence that no confidential relationship existed between the parties and the absence of proof that conditions existed preventing plaintiff from discovering a value of the business authorized the trial court's finding that no genuine issues of material fact remain as to plaintiff's claim of fraud. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). See also *Charter Med. Mgmt. Co. v. Ware Manor*, 159 Ga. App. 378, 382 (5), 384 (283 SE2d 330).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 6, 1995.

*David W. Graybeal, Jr.,* for appellant.

*Perrie, Buker, Stagg & Jones, Cheryl V. Shaw,* for appellees.