C. D. ADAIR, administrator, plaintiff in error, *vs.* M. A. McDONALD *et al.*, defendants in error.

1. Where there was a bill filed to reform a voluntary deed, on the ground of mistake, and the dispute was between those claiming under the deed, the grantor being indifferent, the rule in equity that a deed will not be reformed at the instance of mere volunteers, does not apply.

2. Under the laws of this State, Revised Code, sections 3067 and 3068, a mistake of law, as when an instrument has a different legal effect from what the parties to it intended, may be relieved against in equity, or if the mistake be in but one of the parties, if that one place great trust and confidence in the other, and that confidence be betrayed, equity will relieve against the mistake.

3. In a bill to reform a deed on the ground of mistake, when substantial justice has been done, even though the allegations in the bill may not have been precisely met by the proof, and the Court below have refused a new trial, this Court will not interfere on the ground of the variance; especially if there have been three concurrent verdicts in favor of reforming the deed.

Reforming Contracts. New Trial. Before Judge PAR-ROTT. Murray Superior Court. May Term, 1870.

This cause was here in 1868. See *Adair, administrator, vs. Adair, administrator*, 38 *Georgia Reports*, 46, where the cause is fully reported. A new trial was granted. Another verdict was had in favor of reforming the deed, etc., and the cause came here again in 1869. See same case, 39 Georgia Reports, 75. A new trial was again awarded, and a third verdict, in favor of reforming the deed, etc., was obtained.

A motion for new trial was made upon the grounds that the verdict was unsupported by evidence, and upon various alleged errors of the Court in rejecting evidence, etc. As the opinion of the Court can be understood without these, we do not give them. The Court refused a new trial, and that is assigned as error.

W. H. DABNEY, W. AKIN, D. A. WALKER, for plaintiff in error. Evidence necessary to reform deed: Revised Code,

Adair *vs.* McDonald *et al.*

section 3062; 38 Ga. R., 46; 12th, 285.    As to specific performance: 27 Ga. R., 275; 3 Vesey, Jr., 420; 29 Ga. R., 166; 12 Ga. R., 285–8; 16th, 61; 9, 436.    Contract executed cannot be avoided for volunteer: Revised Code, section 3061, 3133; 16 Ga. R., 62; 1 Story's Eq. Juris., section 176, 433 and note 3; 2d section, 706*a*, 793*a*, 793*b*, 787, 987; 27 Ga. R., 39; 40th, 15, 16.    Possession necessary to complete title: 2 Bl. Com., 195–6–9; 16 Ga. R., 62; 21st, 370.

C. D. McCUTCHIN, R. J. McCAMY, for defendants in error.

McCAY, J.

1. We recognize fully the well settled rule that equity will not interfere against a grantor, in favor of a volunteer, to correct a mistake or reform a defective conveyance.    The rule also extends to a bill by a volunteer, under a prior voluntary deed against a grantee, under a subsequent voluntary deed by the grantor: Code, section 3060; Story's Equity, sections 175, 180.    But this rule is based upon the reasonsonable proposition that the volunteer has no claim on the grantor.    If there is a mistake or a defect, it is a mere failure in a bounty, which, as the grantor was not bound to make, he is not bound to perfect.    So in a contest between a prior and *subsequent* voluntary grantee.    As the grantor was free to do as he pleased, and was not compellible to perfect his deed, he was equally at liberty to make a second deed. But here the parties claim under the *same deed.*    The complainants insist that the grantor did not, in fact, *make* the deed set-up by the defendants.    The grantor's interests are not at stake.    He has not, say the complainants, *exercised* his free power to do as he pleased by giving this property to the defendants.    His true intent is not *in* the deed, under which the defendants claim.    It is the very highest equity to see to it that the real intent of the grantor shall have force.    He or his representative is only a party *pro forma*, and, at best,

Adair *vs.* McDonald *et al.*

stands indifferent between these disputants.    It is not claimed, either, that *after* a defective deed was made, he exercised his undoubted right to make another.    It is a contest as to what he intended by the one deed he has made.    For these reasons we do not think this case comes within the rule which denies the aid of equity to assist volunteers.

2. Equity may correct a mistake in a will, and in a will *all* are volunteers: Story's Equity, sections 179, 181.    Neither the authorities, nor the principles on which this rule is founded apply to cases where the grantor is indifferent, has done nothing inconsistent with the deed proposed to be reformed, and the contest is, in fact, not between claimants under different deeds, under two independent acts of the voluntary grantor, but under the same deed.    These parties are all within the scope of the grantor's intent; they all stood towards him in the same situation; they were his grand-children, and his duty to provide for one was the same duty to them all.    This general principle controls most of the points of this case.

3. We are free to say that we think the complainant's case a weak one, on the testimony, and if this were the first trial, we incline to think we should send it back for a rehearing. There is but little in the testimony to justify the verdict *as found.*    We think the evidence of mistake or fraud is *strong,* but it is not very clear as to what the precise intent was. That these complainants were to share in the bounty granted in the deed, is pretty clear, but it is not clear that Mrs. McDonald was not also to share.    As she is not claiming either by herself or her representatives, and, as the evidence is strong that the complainants were to be the sharers, we will not disturb the finding.    That three juries have, on the facts, found for the complainants, and three Judges refused new trials, indicates that the equity of the complainants is very strong; and as the failure in the proof is rather in the nature of a variance (which might have been corrected by an amendment,) than a substantial failure, we, with some hesitation,

have concluded not to interfere.   It is a high prerogative for a Court to set aside the third verdict of a jury, for the plaintiffs, on the facts, and, though we do not say a case demanding such an interference cannot arise, we do not think this is such a case.

Judgment affirmed.