FITE *v.* WALKER *et al.*

No. 11261. JULY 15, 1936.

*J. A. Wright* and *Maddox, Matthews & Owens,* for plaintiff. *John K. Davis* and *Mundy & Mundy,* for defendants.

BECK, Presiding Justice. On February 4, 1935, Clifford D. Fite filed his petition against J. T. Walker for recovery of land described as lot 22 on the· north side of Ware Street, Cedartown, Georgia, on which the defendant maintains an engine-room and boiler-room occupying a space of 27 feet in width and 30 feet in length, reasonably worth the sum of $150 per year as mesne profits, the land having a reasonable cash value of $400. It was conveyed by deed by Mrs. Leila Price to Charles H. Fite on February 11, 1926, by Fite to J. T. McCall on January 22, 1933, and by McCall to the plaintiff on February 28, 1934.

The defendant filed his answer admitting the chain of title to be on record as just stated; but he alleged that Charles H. Fite had no title and no right to convey the land to McCall at the time he undertook to do so, if the lot is where plaintiff claims it is, for the reason that several years previously this lot was pointed out by Charles H. Fite to C. W. Smith, who represented his daughter, Catherine Smith Thweatt, as part of the land he was giving to secure a· loan to him by Mrs. Thweatt of $5500, and thereafter, on May· 9, 1928, he executed to Mrs. Thweatt a security deed convey-

ing the property so pointed out, which covered the lot now sued for, if it is where the plaintiff claims it is; that the property so conveyed to Mrs. Thweatt was the entire ginning plant of Charles H. Fite and the land upon which the same was built and operated; that before executing this security deed Charles H. Fite pointed out to Mrs. Thweatt's father, who represented her, the boundaries of his gin property and the land owned by him, and these boundaries included lot 22, if it is where plaintiff claims it is, although at that time there was nothing to show the dividing line between lots, and the numbers of lots were not mentioned; that included in the property so pointed out and which Charles H. Fite was conveying to Mrs. Thweatt to secure her loan to him were the engine-room and boiler-room, attached to and used in connection with the ginning outfit; that when the security deed was executed on May 9, 1928, only lot 23 was specifically mentioned and described by metes and bounds, more or less, and the deed contained a warranty clause with the following additional description of the property conveyed: "Also my entire ginnery outfit, consisting of four 70-saw gin plant, Gullett make, together with all tools and attachments, gins, motors, all buildings including seed-warehouse, and all machinery of every kind and character in connection with my ginning plant on the property above described, including and conveying also the engine and boiler," and the deed also contained the following clause: "To have and to hold said property with all the rights, members, and appurtenances thereof to the grantee, her heirs and assigns, in fee simple." The defendant alleged that there was nothing in this deed to indicate that any land upon which any part of the ginnery was built and operated was reserved by the grantor; that at the time these representations were made by Charles H. Fite, and when he executed the security deed, he was in possession of and using the lot now described as lot 22 under a lease or option to purchase; that his subsequent purchase of lot 22 inured to the benefit of his grantee, Mrs. Thweatt, and her successors in title, the last of whom is the defendant Walker; that the engine-room and boiler-room, driveways, and space used for storing fuel were at that time and have ever since been used exclusively with and as an essential part of the ginning plant; that if the security deed of May 9, 1928, does not accurately and sufficiently describe the property conveyed by Fite to secure the loan, it was

through an accident or mistake on the part of Charles H. Fite, unknown to Catherine Smith Thweatt or her representative, or was a fraudulent scheme of Fite's to build with Mrs. Thweatt's money a necessary part of his ginning plant on property which he was not conveying to secure the loan.

The defendant alleged that under the power of sale contained in the security deed Mrs. Thweatt conveyed the property to her brother, C. W. Smith Jr., in September, 1931, who conveyed to Smith & McEntyre in March, 1933, and they conveyed to the defendant on August 11, 1933, subject to a loan in favor of C. W. Smith Jr.; that each respectively went into possession of the property at the time the conveyances were made, and the defendant has been in possession and using the lot of land now sued for, in connection with the rest of the ginning plant, undisturbed by any one claiming ownership thereof; that in the deed from Charles H. Fite to J. T. McCall, dated January 22, 1933, it is recited: "Excepted from the property described in tract 4 [the tract describing lot 22, now sued for] is an engine-room, engine, and other machinery located therein," which is also in the deed from McCall to the plaintiff Clifford D. Fite, the brother of Charles H. Fite; that this reservation necessarily reserved all rights of ingress and egress and the use of the premises, so as to make the property with which it was connected and with which it had previously been conveyed a usable plant, and gave full notice to McCall and Clifford D. Fite that Charles H. Fite had no title to said property and no right to convey the same. McCall never claimed any possession or exercised any rights of ownership over the property at any time and never claimed any rent therefor, although he had his deed from January 22, 1933, to February, 1934, but the same was not recorded until after the conveyance made to this defendant in August, 1933, and no claim was made to this property by the plaintiff until August, 1934, several months after plaintiff received his deed from McCall, and the plaintiff took said property with notice of all the rights, title, and equitable interest, if not paper title, of the defendant, who with his predecessors were in undisturbed possession of the property now sued for, using the same as an essential part of the ginning plant conveyed by Charles H. Fite to defendant's predecessor in title. The defendant sets up that the deeds from Charles H. Fite to McCall and from McCall to the plaintiff, Clifford D.

Fite, are clouds on the defendant's title, and asks that they be canceled of record in so far as they affect the title and possession of the defendant to the property that he is now in possession of. He alleges that he has given written notice, in terms of the law, to C. W. Smith Jr., and the other predecessors in title, including Charles H. Fite, so as to bind them by the verdict and judgment in the case, and prays that Charles H. Fite and J. T. McCall be made parties, and that the deed from Charles H. Fite to J. T. McCall and from McCall to Clifford D. Fite be set aside and canceled as clouds upon the defendant's title. He alleged that the plaintiff, at the time of and before taking his deed, had notice that Charles H. Fite, and afterwards Mrs. Thweatt and her successors in title, were in possession of and using all of the lot now sued for, in connection with and as an essential part of the gin property from the time the gin was built in 1925 up to the time of bringing this suit, and knew that it was absolutely necessary to be used; that the only way in and out of the engine-room and boiler-room was through a door in the west end thereof and across nearly all of lot 22; and that all fuel had to be stored near said west door and on lot 22, if that lot is where plaintiff claims it is.

Charles H. Fite and J. T. McCall were made parties. To this answer the plaintiff filed his demurrer and motion to strike, on the grounds that it set up no valid defense at law or in equity; that there are no averments showing or tending to show that McCall knew of any intention of Charles H. Fite to defraud any one; that the answer shows that the deed from Charles H. Fite to Mrs. Thweatt contained a description of lot 23 only; that there are no averments in the answer which authorized cancellation of the deed from Charles H. Fite to J. T. McCall and from McCall to the plaintiff. This demurrer was overruled, and exceptions pendente lite were taken.

On the trial evidence was introduced to the effect that in August, 1925, Charles H. Fite owned lot 23 on Ware Street in the City of Cedartown, and was using in connection therewith lot 22 which adjoined it on the west; that he subsequently erected a gin-house and shed on lot 23 and a boiler and boiler-room, 27 by 30 feet, on lot 22, with funds furnished in part by Mrs. Thweatt. C. W. Smith, the father of Mrs. Thweatt, testified that he acted as her agent in making the loan to Charles H. Fite, and that, on inquiry

as to the extent of the property offered as security for the loan, Fite pointed out as the western boundary of the property a line which the evidence shows to be in fact the western boundary of lot 22. This testimony was denied by Charles H. Fite. Subsequently Fite obtained from Mrs. Thweatt an additional sum, and on May 9, 1928, executed to her a security deed conveying lot 23, and "also my entire ginnery outfit, consisting of four 70-saw gin plants, Gullett make, together with all tools and attachments, gins, motors, all buildings including seed-warehouse, and all machinery of every kind and character in connection with my ginning plant on the property above described, including and conveying also the engine and boiler." Charles H. Fite remained in possession until September, 1931, when Mrs. Thweatt foreclosed the loan, and made a deed to C. W. Smith Jr., who thereupon entered into possession of the premises, including lot 22. In March, 1933, C. W. Smith Jr. conveyed to Smith & McEntyre, who went into possession, and who on August 11, 1933, conveyed to J. T. Walker, the defendant. On February 11, 1926, Charles H. Fite obtained from Mrs. Leila Price a deed to lot 22, and on June 22, 1933, he executed to Dr. J. T. McCall a deed to the same lot, together with other property. On February 28, 1934, Dr. McCall executed to Clifford D. Fite, the plaintiff, a limited warranty deed to the same property. In these two deeds there was excepted from the property conveyed "an engine-room, engine, and other machinery located therein." Charles H. Fite and Dr. McCall testified that the conveyance to McCall was made because of an indebtedness due to a hospital of which he was president. Dr. McCall testified that it was orally agreed between them that Fite might redeem the property within ninety days, although Fite testified to the contrary. Dr. McCall testified that the property was redeemed by Clifford D. Fite by paying to the hospital the amount due with interest, and that he was willing to release the property because he was interested only in having the hospital bill paid. Additional testimony as to various details was introduced, but not necessary to be set forth here. The jury returned a verdict for the defendant. The plaintiff's motion for new trial was overruled, and he excepted.

1. The answer of the defendant, as amended, was not subject to any of the grounds of the demurrer.

2.  Under the evidence the jury was authorized to find that the property offered as security for the loan made to the predecessor in title of the defendant included the property in controversy, although the description in the deed did not specifically describe or refer to it.

3.  Upon equitable principles the title to the property in controversy, when obtained by the grantor in the loan deed, inured to the benefit of the grantee therein, and to her successors in title, and the grantor is estopped from asserting any title thereto as against any of them.

4.  "Possession of land is notice of whatever right or title the occupant has." Code, § 85-408. "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties." § 37-116. It appearing from the evidence that at the time the plaintiff obtained his deed to the property in controversy the defendant Walker was in exclusive possession thereof, under a claim of ownership, and that the title received by the grantor in the deed to the defendant's predecessor in title inured in equity to the defendant as a privy in title with her, it was incumbent upon the plaintiff to inquire of the defendant as to what, if any, interest he claimed in the property in dispute. The jury was authorized to find from the evidence that the plaintiff took his deed subject to the rights of the defendant in the property in controversy.

5.  The verdict in favor of the defendant being authorized by the evidence, the court did not err in rendering judgment that the defendant had a perfect and complete equitable title to the property in controversy, subject to a certain security deed, and entitled to hold possession of the property, and in enjoining the plaintiff and his agents from conveying or encumbering the property or interfering with the possession and control thereof by the defendant.

6.  The first special assignment of error is that the court erred in permitting the agent of the grantee in the security deed to testify that the grantor pointed out the lines of the property offered as security for a loan, and that he believed and acted upon such representations in making the loan for the grantee; it being

contended by the movant that all preliminary representations became merged in the security deed. The actual boundaries not being readily ascertainable by the agent of the grantee at the time of the representations claimed to have been made, and the grantor being more familiar with the facts, the testimony was admissible in equity to show the fraud of the latter and the full performance by the lender in making the loan in reliance upon such representations. See *Cohron* v. *Woodland Hills Co.*, 164 *Ga.* 581 (139 S. E. 56).

7. The second special assignment of error sets out a lengthy colloquy in regard to testimony of a successor in title of the original grantee in the security deed, in which testimony it was stated that, at the time the witness purchased from her grantee, her grantor made to the witness like representations as to the western boundary of the property, which would include the property in controversy. Such testimony was properly admissible to aid the jury in determining the entire history of the alleged fraudulent transaction; and although other parts of the testimony might be said to be inadmissible, under the well-settled rule this ground does not show error.

8. The third special assignment of error involves an inadvertent statement by the court that one or more named persons, not parties to the suit, were vouched into court, and a reference by the court to the original deed having been made to one of such persons; it being objected that such statement tended to confuse the jury as to the issues actually made. Construed in connection with the entire charge, it is not probable that the jury was misled or that the inaccuracies were harmful to the plaintiff.

9. The fourth, fifth, and sixth special assignments show no error. The contentions of the movant are disposed of by the principles of law ruled in the foregoing paragraphs, and no elaboration is needed. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*