## McDONALD *v.* MULLINS.

WYATT, Justice. Equity has jurisdiction to reform a written instrument where there has been ignorance or mistake on the part of one of the parties, accompanied by fraud or inequitable conduct on the part of the other party. *Reese* v. *Wyman,* 9 *Ga.* 430; *Wyche* v. *Greene,* 26 *Ga.* 415; *Adair* v. *McDonald,* 42 *Ga.* 506; *Venable* v. *Burton,* 129 *Ga.* 537 (59 S. E. 253); *White* v. *Foster,* 157 *Ga.* 493 (122 S. E. 29); *Gibson* v. *Alford,* 161 *Ga.* 672 (132 S. E. 442); *Hunnicutt* v. *Archer,* 163 *Ga.* 868 (137 S. E. 253); *Lynch Enterprise Finance Corporation* v. *Realty Construction Co.,* 176 *Ga.* 700 (168 S. E. 782). If the fraud or inequitable conduct complained of consists of an alleged misrepresentation of fact, it is immaterial whether the party making the misrepresentation knows it to be false or not; it is none the less fraud in law, even though not fraud in fact. *Reese* v. *Wyman* and *Gibson* v. *Alford,* supra. Thus, where a vendor sells to another a designated tract of land and points out to the latter its boundaries, and the purchaser relies on the representation, equity will, at the instance of the purchaser, reform the deed from the vendor if the deed by misdescription contains land different from that which the parties agreed upon. *Gibson* v. *Alford,* supra. Accordingly, in the instant case, the court properly overruled the general demurrer to the petition as amended, which alleged in substance that the plaintiff purchased from the defendant a designated tract of land in the City of Atlanta in 1939, at an auction sale; and at the time of the purchase the defendant and her agent, the auctioneer, pointed out a concrete wall and a fence as representing the southern and northern boundaries of the property respectively; that the defendant owns the property on the north side of the property purchased; that the plaintiff relied upon the representation of the defendant and her agent as to the location of the northern line of the

property; that the line represented by the fence on the north was agreed upon as the line at the time of the purchase; that the defendant now claims a portion of the property on the northern side of said tract, on which is located a portion of a three-room shack and other improvements, such as fruit trees, shrubbery, rock-pool, bird-bath, etc., and the defendant is trying to take possession of and remove the house from the land; that until recently the plaintiff did not know that her deed did not include all the property as far north as the fence pointed out by the defendant at the time of the sale as being the northern boundary line. Besides seeking injunctive relief, there was a prayer for reformation of the deed so as to make it include the property in dispute. There is a distinction between this type of case and one where there is merely a misrepresentation as to the contents of the deed itself. *Green* v. *Johnson*, 153 *Ga.* 738 (113 S. E. 402).

2. The special demurrers, not being argued or insisted on in the brief of counsel for the plaintiff in error, are treated as abandoned.

3. The special grounds of the motion for new trial consist of seven assignments excepting to the court's charge, and two assignments excepting to the admission of evidence. These grounds are not argued in the brief of counsel for the plaintiff in error, but there is a statement in general terms insisting on all of the grounds of the motion. All of these special assignments have been examined, and they do not show error requiring the grant of a new trial.

4. The verdict of the jury finding in favor of the plaintiff, reforming the deed, was supported by the evidence.

5. The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 14773. March 8, 1944. Rehearing denied March 20, 1944.

*Oliver C. Hancock, J. Wightman Bowden*, and *John R. Strother*. for plaintiff in error.

*Thomas E. McLemore*, contra.