### 24623. COOK v. BARFIELD et al.

FRANKUM, Justice. 1. A petition filed pursuant to the rules of procedure in effect prior to the effective date of the Georgia Civil Practice Act of 1966, seeking in one count to reform a written real estate sale contract and to recover commissions alleged to be due the plaintiff for procuring a buyer ready, willing, and able to purchase the property on the terms set forth in the contract as sought to be reformed, which merely alleges that the contract as written shows on its face that $11,000 of the purchase price was to be paid in three equal

instalments when in fact such contract was intended by the parties to provide that such balance of the purchase price was to be paid in three equal *annual* instalments and that the omission from the contract of the word "annual" was due to a mutual mistake of all the parties to the contract at the time of its execution and that all the parties were unaware of the mistake of fact at the time it was executed, fails to set forth a cause of action. In accordance with well established rules and practice of courts of equity, before a court of equity will undertake to reform a solemn written contract on the grounds of the omission therefrom, by mutual mistake, of a material provision, it is essential that it be alleged *"how, in what manner,* and by *whom* the mistake was·committed, in order to lay the foundations for the introduction of such evidence as would entitle" the plaintiff to have the written contract reformed. *Dover v. Burns,* 186 Ga. 19, 28 (2) (196 SE 785), quoting from the case of *Gamble v. Knott,* 40 Ga. 199. See also to the same effect *Helton v. Shellnut,* 186 Ga. 185 (1) (197 SE 287); *Sawyer Coal & Ice Co. v. Kinnett-Odom Co.,* 192 Ga. 166, 173 (6) (14 SE2d 879); *Farmers' Warehouse v. Collins,* 220 Ga. 141, 147 (2b) (137 SE2d 619).

2. Since the contract for the sale of the realty in question as originally drawn, and·in the absence of its reformation, was too vague and indefinite with respect to the time within which the balance of the purchase price of the property was to be paid, and since the plaintiff relies solely upon the theory that he procured a purchaser ready, willing, and able to purchase the property in question on the terms set forth in the written contract, the petition fails to set forth a cause of action for the recovery of real estate commissions, and the trial judge, acting, as he was authorized to do, under the law in effect at the time the petition was filed, did not err in sustaining the general demurrer and in dismissing the petition.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 13, 1968—DECIDED MAY 23, 1968.

*Duncan & Bach, Vernon W. Duncan,* for appellant.
*Juanita G. Martin,* for appellees.