S02A0994. L. S. LAND COMPANY et al. v. BURNS.
(569 SE2d 527)

CARLEY, Justice.

In 1987, Ms. Mildred Burns entered into two installment contracts for the purchase of 15 acres of land from L. S. Land Company (LS). Before execution of the contracts, J. E. Simmons, who is LS's President, showed Ms. Burns and her cousin the property that was being sold. The contracts did not provide an exact legal description of the land, although they did state a definite quantity of land and fur-

nished sufficient keys to its location by means of attached plats. *Hanners v. Woodruff*, 257 Ga. 73 (354 SE2d 826) (1987). Compare *Plantation Land Co. v. Bradshaw*, 232 Ga. 435 (207 SE2d 49) (1974). Under the terms of the contracts, the buyer and the seller were to obtain a survey and share the expense equally. However, neither party procured a survey, even though LS later informed Ms. Burns that it would do so.

In 1994, prior to completing her payments on the contracts, Ms. Burns obtained permission from LS to build a pavilion on the property which she was purchasing, title to which was still in LS's name. She then had the pavilion constructed on land which she later testified was part of the same property shown to her by Simmons. After paying the final installments in 1998, Ms. Burns requested LS to convey title to the land. LS then obtained a survey, concluded that Ms. Burns had built the pavilion on LS property that was not a part of the sale, and refused to tender any deeds to her unless she paid rent for the use of the property where the pavilion was located.

Ms. Burns brought suit against LS and Simmons to quiet title, for specific performance, and for damages. LS and Simmons counterclaimed, alleging that Ms. Burns had trespassed on their property. She subsequently obtained a survey based upon the boundaries allegedly pointed out to her near the time of execution of the contracts. After a bench trial, the trial court found in favor of Ms. Burns and against LS, but not against Simmons individually. The trial court ordered LS to convey 15 acres using a particular boundary shown on Ms. Burns' survey and awarded attorney's fees pursuant to OCGA § 13-6-11. LS and Simmons appealed to the Court of Appeals, which transferred the case to this Court.

1. In its oral ruling, the trial court stated that equity allowed reformation of the contracts. In its written order, the trial court necessarily reformed the contracts, as the tract it awarded was not that described in the agreements. The description of the property which the trial court ordered conveyed to Ms. Burns began with the northeastern boundary, which she pointed out based on the seller's representations and which would include the pavilion she built. LS does not challenge the sufficiency of the evidence to reform the contracts. In fact, evidence presented by Ms. Burns demonstrates that, despite her own lack of diligence, she was mistaken as to the boundary due to the misrepresentation of the seller. *Bonner v. Cotton*, 223 Ga. 843 (159 SE2d 61) (1968). What LS does contend is that the trial court erred in considering contract reformation as a viable remedy, because that theory was not properly before it.

LS argues that Ms. Burns did not amend her complaint in a timely manner so as to seek the reformation of the contracts. However, LS mistakenly relies on cases which were decided prior to the

enactment of the Civil Practice Act (CPA). The provisions of the CPA, including the procedure for amendments in OCGA § 9-11-15, clearly apply to an amendment alleging reformation of contract. See *Haire v. Cook*, 237 Ga. 639, 640, 641 (1) (229 SE2d 436) (1976). Compare *Cook v. Barfield*, 224 Ga. 355 (1) (162 SE2d 417) (1968). Where, as here, there is no pre-trial order, "an amendment may be filed up to the time evidence is taken at trial. [Cit.]" *Haywood v. Aerospec*, 193 Ga. App. 479, 480 (3) (388 SE2d 367) (1989). See also *Ford's & Gantt Co. v. Wallace*, 249 Ga. App. 273, 276 (1) (548 SE2d 31) (2001); *Jackson v. Paces Ferry Dodge*, 183 Ga. App. 502, 503 (1) (359 SE2d 412) (1987).

The case was tried without a jury. Before any opening statements or the taking of any evidence, the trial court held what it described as "kind of . . . a pretrial conference. . . ." Ms. Burns' counsel "move[d] at this time to amend the pleadings to indicate that the plaintiff seeks reformation of contract which . . . we have the right to do until such time as [a] pretrial order has been entered." The trial court apparently confused this motion with amendments to conform to the evidence and, thus, did not consider the amendment until after the taking of evidence. However, "[i]nasmuch as appellee[ ] had 'the unfettered right' to amend [her complaint] when the motion was made, there was no error in permitting the amendment. [Cit.]" *Slater v. Jackson*, 163 Ga. App. 342 (1) (294 SE2d 557) (1982).

Contrary to LS's contention, Ms. Burns' attorney did not elect during trial to abandon contract reformation as a remedy. Instead, he abandoned only rescission based on fraud in the inducement and decided to seek damages based on unjust enrichment *if* the trial court were to decide that the pavilion was built on land properly titled in LS, rather than purchased by Ms. Burns. In other words, Ms. Burns wanted title to the property which Simmons allegedly showed her including the pavilion by means of reformation, but if the trial court refused to award her the pavilion, she still wanted 15 acres of land and not rescission.

Accordingly, the trial court was authorized to consider the remedy of contract reformation.

2. Because reformation of the contracts was authorized, the trial court correctly found that Ms. Burns did not commit a trespass. The viability of a cause of action for trespass depends on the resolution of any claim for reformation affecting the land where the alleged trespass occurred. See *Miller v. Rackley*, 199 Ga. 370, 376 (1) (34 SE2d 438) (1945). Indeed, LS admits that an authorized reformation of the contracts would prevent an award of damages for trespass.

3. LS also contends that, because there was a bona fide controversy between the parties, the trial court erred in awarding attorney's fees under OCGA § 13-6-11 on the ground of stubborn litigiousness.

"The standard of review of an award of attorney['s] fees under OCGA § 13-6-11 is whether there is any evidence to support the award. [Cit.]" *Spring Lake Property Owners Assn. v. Peacock*, 260 Ga. 80, 81 (390 SE2d 31) (1990). The appellate courts cannot reverse such an award merely because the evidence would have supported a verdict for the defendant. *Ken-Mar Constr. Co. v. Bowen*, 245 Ga. 676 (266 SE2d 796) (1980). The trial court based its award of attorney's fees on evidence that LS refused to convey any title until Ms. Burns paid $5,000 rental for use of the pavilion, even though she had paid the full amount due under the contracts and LS did not expend any funds to build the pavilion; that LS made its demand for rental in a "so sue me" letter; and, that LS asserted that Ms. Burns had purchased only ten acres. This constituted some evidence from which the trial court could conclude that LS was stubbornly litigious regarding matters as to which there was no good faith controversy. See *Spring Lake Property Owners Assn. v. Peacock*, supra at 81; *Carter Transport v. Kenneth Poley Interiors*, 219 Ga. App. 556, 558 (2) (b) (466 SE2d 70) (1995); *Southern R. Co. v. Crowe*, 186 Ga. App. 244, 248 (2) (366 SE2d 846) (1988).

LS argues that Ms. Burns did not obtain the relief of specific performance which she requested in her original complaint. However, the reason why the trial court did not order specific performance is that it granted the greater, alternative relief of contract reformation. Moreover, "[a]ppellate decisions . . . establish that obtaining some but less than all of the relief sought is sufficient to authorize an award of attorney['s] fees." *Magnetic Resonance Plus v. Imaging Systems Intl.*, 273 Ga. 525, 528 (3) (543 SE2d 32) (2001). LS relies on the trial court's finding that neither party exercised diligence to have a survey completed. In determining whether there was a good faith dispute, however, Ms. Burns' own lack of diligence is irrelevant because, as already noted, it could not prevent the grant of equitable relief in this case. *Bonner v. Cotton*, supra at 846 (2).

Accordingly, we cannot hold as a matter of law that attorney's fees in this reformation case were not authorized under OCGA § 13-6-11. *Eiberger v. West*, 247 Ga. 767, 771 (2) (281 SE2d 148) (1981).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*Neal H. Howard, William D. James*, for appellants.
*Edward F. Danowitz*, for appellee.