A05A0926. CHHINA FAMILY PARTNERSHIP, L.P. et al. v. S-K GROUP OF MOTELS, INC.

(622 SE2d 40)

MIKELL, Judge.

This dispute arises from the sale of a Knight's Inn motel by Chhina Family Partnership, L.P., and M. Chhina & J. Chhina, Inc. (collectively, "Chhina"), to S-K Group of Motels, Inc. ("S-K"), pursuant to an Asset Purchase Agreement ("Agreement") executed on October 5, 2001. The Agreement and deed conveyed certain real property as delineated on a survey obtained by Chhina prior to closing. After the sale, S-K discovered that one of the boundary lines shown on the survey bisected one of the apartment buildings that was listed as an asset to be conveyed in the Agreement and that another boundary line excluded a restaurant building that was supposedly included in the transaction. Alleging that Chhina fraudulently misrepresented the boundary lines, S-K filed an action seeking equitable reformation of the deed in accordance with a survey marking the boundary lines as originally pointed out by Chhina to S-K. In addition, based on other acts allegedly committed by Chhina before and after the sale, S-K's complaint included counts for breach of contract, fraud and deceit, and tortious interference with S-K's business. Using a special verdict form, the jury returned a verdict in favor of S-K, finding that it was entitled to reformation and awarding a total of $90,000 in damages. This sum included $5,000 in property damages; $20,000 in punitive damages and $15,000 in attorney fees on the fraud claim; and $15,000 in general damages and $35,000 in punitive damages on the tortious interference claim. Judgment was entered on the verdict. Chhina appeals, enumerating as error the denial of its motion for a directed verdict and the court's failure to give one of its requested jury charges. We affirm.

1. At the outset, we note that although the notice of appeal states that Chhina appeals the judgment entered on the jury's verdict "in its entirety," and Chhina's brief recites that it appeals each award, Chhina has failed to enumerate as error the sufficiency of the evidence to support that portion of the special verdict which found that S-K was entitled to reformation of the deed. Moreover, Chhina did not move for a directed verdict on this issue. Having failed to enumerate as error that the evidence did not support reformation,

any such claim is deemed abandoned.[1] Accordingly, that portion of the judgment reforming the deed is affirmed under the authority of *Bonner v. Cotton*[2] and *L. S. Land Co. v. Burns.*[3]

2. Chhina first argues that the trial court erred in failing to grant its motion for a directed verdict on the issue of fraud. Chhina asserts that the merger clause in the Agreement bars the claim as a matter of law because S-K did not seek to rescind the contract. It is undisputed that S-K did not seek rescission.

> In an action for fraud, if the defrauded party has not rescinded but has elected to affirm the contract, he is relegated to a recovery in contract and the merger clause will prevent his recovery. This result obtains because where the allegedly defrauded party affirms a contract which contains a merger or disclaimer provision and retains the benefits, he is estopped from asserting that he relied upon the other party's misrepresentation and his action for fraud must fail. Stated another way, the entire agreement clause operates as a disclaimer, establishing that the written agreement completely and comprehensively represents all the parties' agreement. Thus, if the contract contains a merger clause, a party cannot argue they relied upon representations *other than those contained in the contract.*[4]

In this case, the Agreement contained a standard merger clause: "This Agreement, together with all exhibits and schedules hereto, constitutes the entire agreement among the parties pertaining to the subject matter hereof and supercedes all prior agreements, understandings, negotiations and discussions, whether oral or written, of the parties." Chhina contends that, based on the existence of the merger clause, S-K could not recover damages for fraud. We disagree.

In *Authentic Architectural Millworks v. SCM Group USA,*[5] we held that "no alleged merger clause" could bar a fraud claim based

---

[1] See Court of Appeals Rule 25 (c) (2).

[2] 223 Ga. 843, 846 (1), 848 (2) (159 SE2d 61) (1968) ("Equity may in a proper case reform a written contract for the sale of land where there is mistake on one side and fraud on the other. . . . This court has distinguished misrepresentations as to boundaries from those as to title, contents of the deed, and quality, value or condition of the land, insofar as concerns reliance upon them when equitable relief is sought.") (citations omitted).

[3] 275 Ga. 454, 457 (3) (569 SE2d 527) (2002) (buyer's lack of diligence irrelevant and could not prevent the grant of equitable reformation).

[4] (Citations and punctuation omitted; emphasis supplied.) *Authentic Architectural Millworks v. SCM Group USA*, 262 Ga. App. 826, 827-828 (2) (586 SE2d 726) (2003). Accord *Liberty v. Storage Trust Properties*, 267 Ga. App. 905, 910 (2) (600 SE2d 841) (2004).

[5] Supra.

upon misrepresentations made in the contract itself.[6] Although the contract in *Authentic* did not contain a valid merger clause,[7] in *WirelessMD v. Healthcare.com Corp.*,[8] we interpreted *Authentic* as holding that a valid merger clause does not prohibit a claim based upon a misrepresentation in the contract itself.[9]

Based on *Authentic* and *WirelessMD*, we hold that the merger clause in the case at bar, though valid, does not bar S-K's fraud claim as a matter of law based on any misrepresentations made in the Agreement itself. Thus, we proceed to examine the Agreement to determine whether it misrepresents the property conveyed to S-K. In this regard, Article I, entitled "ASSETS TO BE CONVEYED," states in pertinent part:

> Seller shall transfer, convey, assign and sell to Purchaser all of the assets and rights used by Seller primarily in connection with the operation of the Business, wherever located, . . . including, without limitations: (a) all that tract or parcel of land . . . described as Tract two of a plat or survey prepared by Roger A. Medders dated July 13, 2001 . . . (the "real property"), together with improvements thereon.

> In addition to a fifty-two unit motel, the real property is improved with five detached apartments now occupied by employees. Seller reserves to itself the use for one year of such detached apartments. One year from the date of closing, such apartments will be turned over to Purchaser in their existing condition, normal wear and tear excepted.

Jason Couch, a project manager for a registered surveyor, testified that he prepared a plat of the property after the closing and determined that one of the boundary lines ran through the middle of one of the apartment buildings and that another boundary line excluded the motel's restaurant by inches. There was evidence that after the sale, the number on the door of the apartment through which the boundary line ran was changed from "5" to "6" in an apparent attempt to exclude the property from the sale. Evidence was also presented that only four apartments were conveyed with the

---

[6] Id. at 828 (2) (a).

[7] Id. at 829 (2) (b) (the clause was entitled "Limited Warranty"). See also *Gaines v. Crompton & Knowles Corp.*, 190 Ga. App. 863, 866 (4) (C) (380 SE2d 498) (1989) (alleged merger clause invalid because it merely provided that the agreement was the entire agreement of the parties and did not purport to merge any prior representations).

[8] 271 Ga. App. 461 (610 SE2d 352) (2005).

[9] Id. at 470 (3).

original deed. Therefore, there was evidence that the actual number of apartments to be conveyed by Chhina was misrepresented in the contract. Moreover, there was evidence that Chhina misrepresented to S-K that the restaurant was included in the sale as part of "all of the assets and rights used by Seller primarily in connection with the operation of the Business, wherever located." Under the circumstances, whether the merger clause in the Agreement barred S-K's fraud claim was properly submitted to the jury.

3. Chhina next argues that the trial court reversibly erred in refusing to give its sixth request to charge, as follows:

> In order to show fraud and misrepresentation in the procurement of the contract as a defense to an action on the contract, it is not sufficient to show that false representations were made, which were known to be false and which were made with the intention to deceive. It must also be shown that the defendant exercised due care to discover the fraud and that he relied upon the false representations to his injury. With equal opportunities for knowing the truth, a party grossly failing to inform himself must take the consequence of his neglect. This means that in order to be heard in equity one must show that he made reasonable use of the means available to him to ascertain the truth. It means also that one may not voluntarily accept the statements and representations of another and act thereon, instead of looking for himself, and then obtain relief in equity from the obligation which he assumes.[10]

"A request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case. If *any portion* of the request is inapt or incorrect, denial of the request is proper."[11] Chhina's request to charge states that the defendant, rather than the plaintiff, must exercise due care to discover fraud. This language could have confused the jury because in this case, S-K, the plaintiff, claimed fraud, not the defendant. Therefore, the court properly denied the request because a portion of it was incorrect.

---

[10] (Citations, punctuation and emphasis omitted.) *Bimbo Builders v. Stubbs Properties*, 158 Ga. App. 280, 281-282 (1) (279 SE2d 730) (1981) (trial court properly rejected claim by real estate developer that seller fraudulently induced him to purchase property by providing him with a plat that failed to identify several streams, and resulting swampy condition, on the property; "[s]uch things as the soil, timber or springs on land are open to inspection, and the purchaser is wilfully negligent if he fails to look and see for himself, and neither law nor equity will relieve him from his own want of diligence") (citations and punctuation omitted).

[11] (Citation and punctuation omitted; emphasis in original.) *Continental Research Corp. v. Reeves*, 204 Ga. App. 120, 126-127 (3) (419 SE2d 48) (1992).

In any event, the court's charge sufficiently instructed the jurors on all elements of fraud, including justifiable reliance.[12] The court charged the jury that before a person is entitled to relief on the grounds of fraud, deceit, or misrepresentation . . . it must appear that the person "used ordinary care to find out the facts and protect against loss." Finally, and most significantly, the court gave a lengthy instruction on mistake of fact, which included language that the party seeking relief from the effects of the mistake must show due diligence. "Relief will not be granted if the party, by reasonable care, could have determined the truth of the matter." "Courts of equity grant relief only in favor of the diligent." Equity will not grant relief

> if such party could, by reasonable diligence, have ascertained the truth as to the matter concerning which the mistake was made. . . . Courts of equity will never afford relief where actual knowledge could have been obtained by the exercise of due diligence and inquiry. . . . [I]f by such reasonable diligence he could have obtained knowledge of the fact, equity will not relieve him, since that would be to encourage culpable negligence.[13]

Reading the charge as a whole, we find that it fully informed the jury of S-K's obligation to exercise due diligence.[14] It follows that the trial court did not err in refusing to give Chhina's request to charge.

Chhina argues that Georgia law is well settled that "a party buying real property who makes no attempt to discover the boundaries of the property cannot be said to have justifiably relied on a misrepresentation by the seller regarding those boundaries."[15] That is a correct statement of the law. However, it was not contained in the request to charge and cannot be asserted for the first time on appeal.[16]

4. Chhina argues that the trial court erred in failing to grant its motion for a directed verdict on the issue of damages for tortious

---

[12] See *ReMax North Atlanta v. Clark*, 244 Ga. App. 890, 893 (537 SE2d 138) (2000) (the five elements of fraud are: "(1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages") (citations omitted).

[13] See, e.g., *First Nat. Bank of Polk County v. Carr*, 260 Ga. App. 439, 441 (2) (579 SE2d 863) (2003).

[14] See, e.g., *Cistola v. Daniel*, 266 Ga. App. 891, 896 (2) (598 SE2d 535) (2004).

[15] (Punctuation omitted.) *Brakebill v. Hicks*, 259 Ga. 849, 852 (388 SE2d 695) (1990), citing *Crawford v. Williams*, 258 Ga. 806, 808 (375 SE2d 223) (1989). See also *Peacock v. Kiser*, 272 Ga. App. 83, 85 (1) (611 SE2d 747) (2005).

[16] *Adams v. Gay*, 270 Ga. App. 65, 67 (2) (606 SE2d 26) (2004) (appellate argument different from that asserted in the trial court has been waived).

interference with a business relationship.[17] "The standard used to review the grant or denial of a directed verdict is the any evidence test."[18] In this regard, there was evidence presented at trial that Chhina turned off the electricity to an advertising sign and refused to allow S-K to use it; that Chhina had the interstate billboard signs advertising the motel to be painted over soon after the transaction; that Chhina caused frequent diesel fuel spills onto S-K's property; and that following the sale, Chhina diverted water from the motel for use in its businesses. There was also evidence that unbeknownst to S-K, the sale of the motel triggered the automatic termination of the Knight's Inn franchise, thereby terminating Chhina's license to use the facility as a Knight's brand and causing Knight's Franchise Systems, Inc., to file suit against S-K. The evidence considered by the jury in arriving at its verdict was sufficient to meet the "any evidence" standard.

5. Finally, Chhina argues that the trial court erred in failing to grant its motion for a directed verdict on the issue of property damage. This claim arose from damage done to the apartments during the year after the sale.

Chhina argues that S-K failed to present any evidence which would allow the jury to determine the amount of actual damages. We disagree. S-K offered evidence that the cost of repairs to the apartments after Chhina vacated them was between $25,000 and $30,000, which included replacing water heaters and bath fixtures that had been removed, and repairing damaged walls and part of the roof. Photographs of the damaged apartments were admitted into evidence. The jury's award of $5,000 in actual property damage was supported by the evidence. Consequently, the trial court did not err in denying Chhina's motion for a directed verdict on this issue.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 13, 2005.

*Hall & Williamson, Michael C. Hall*, for appellants.
*Mills & Chasteen, Ben B. Mills, Jr.*, for appellee.

---

[17] Chhina's enumeration of error does not challenge the establishment of the other essential elements of the tort of tortious interference with business relations. See, e.g., *Galardi v. Steele-Inman*, 266 Ga. App. 515, 520 (3) (597 SE2d 571) (2004). In addition, Chhina apparently argues that the merger clause bars this claim. The merger clause is not relevant to acts which occurred after the closing.

[18] (Citations omitted.) *Habel v. Tavormina*, 266 Ga. App. 613, 615 (1) (597 SE2d 645) (2004).