**FIFTH DIVISION
MCFADDEN, P. J.,
GOBEIL and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 21, 2022**

# In the Court of Appeals of Georgia

A22A0418. XU et al. v. YONNONE et al.

MCFADDEN, Presiding Judge.

Anthony and Vilma Yonnone filed a petition against Michael Xu, Renee He, and the Garrison Oaks Homeowners Association, Inc., seeking a declaratory judgment that a retaining wall between a lot owned by the Yonnones and the adjacent lot owned by Xu and He is a "party wall" as defined by the Garrison Oaks declaration of covenants. The Yonnones also sought an award of attorney fees under OCGA § 13-6-11, claiming unnecessary trouble and expense of having to bring the declaratory judgment action. After an evidentiary hearing, the trial court entered a final order declaring that the wall is a party wall as defined by the declaration of covenants and awarding the Yonnones $11,652 in attorney fees pursuant to OCGA § 13-6-11.

Xu and He appeal, challenging the trial court's declaratory judgment and the award of attorney fees. Because the appellants have failed to show that the trial court erred in finding that the retaining wall is a party wall under the terms of the declaration of covenants, we affirm the declaratory judgment. And because there was evidence supporting the award of attorney fees under OCGA § 13-6-11, we also affirm that award.

1. *Declaratory judgment.*

"A trial court's findings of fact after a declaratory judgment hearing are analogous to a jury verdict and will not be interfered with if there is any evidence to support them. However, we review the trial court's conclusions of law de novo." *Brown v. Brown*, 359 Ga. App. 511, 517 (1) (857 SE2d 505) (2021) (citation and punctuation omitted).

Here, the trial court found that the retaining wall is located on or adjacent to the boundary line separating the parties' lots; that the retaining wall divides the lots, supporting the land on which the Yonnones' home is built and preventing it from falling onto Xu and He's adjacent property; that structures and improvements on Xu and He's property abut and are tied into the retaining wall; that Xu and He make use of and benefit from the retaining wall; and that the retaining wall was built as part of

the original construction on the two lots. Based on its findings, the trial court concluded that the retaining wall is a party wall under the terms of the declaration of covenants, which provides that "[e]ach wall or fence built as a part of the original construction on the Lots which shall serve and separate any two (2) adjoining Lots shall constitute a party wall or fence[.]"

Xu and He contend that the trial court incorrectly interpreted the declaration of covenants. We disagree.

> A property owners' declaration of covenants is a contract whose construction, interpretation, and legal effect is a question of law. The cardinal rule of contract interpretation is to construe the contract so as to effectuate the intent of the parties. Where that intent is evident from the plain language used in the covenants, the court's job is simply to apply that language as written.

*S-D RIRA, LLC v. Outback Property Owners' Assn.*, 330 Ga. App. 442, 452-453 (3) (c) (765 SE2d 498) (2014) (citations and punctuation omitted). Here, as the appellants acknowledge in their brief, the declaration plainly provides that a wall is considered a party wall if it was built as part of the original construction and it serves to separate any two adjoining lots. So the trial court's job was simply to apply that plain language as written. And since there was evidence presented at the hearing showing that the retaining wall in question was built as part of the original construction, that the wall

3

serves the two adjoining lots by supporting the Yonnones' land and preventing their home from falling on Xu and He's property, and that it separates the two adjoining lots, the trial court did not err in finding that the wall in question is a party wall under the declaration's plain terms.

In arguing otherwise, Xu and He cite *Wilensky v. Robinson*, 203 Ga. 423, 427 (47 SE2d 270) (1948), to support their claim that the retaining wall is not a party wall because it does not sit entirely on the boundary line between the lots. But unlike the instant case, *Wilensky* did not involve a declaration of covenants. Because the instant case, unlike *Wilensky*, turns on interpreting the declaration's definition of a party wall, which does not include a requirement that the wall sit entirely on a boundary line, we cannot read such an additional requirement into that definition. The trial court therefore did not err in declaring that the retaining wall separating the adjacent lots is a party wall as defined by the declaration of covenants.

2. *Attorney fees.*

Xu and He contend that the attorney fees award under OCGA § 13-6-11 should be reversed because there was a bona fide dispute about the party wall. But the trial court did not award attorney fees based on a finding that there was no such bona fide dispute; rather, the court based the award on the refusal of the appellants to

4

participate in arbitration as required by the declaration of covenants. Because there was evidence to support that finding, it must be affirmed.

"[A]ttorney fees may be awarded under OCGA § 13-6-11 if 'the factfinder determines the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense.'" *Yash Solutions, LLC v. New York Global Consultants Corp.*, 352 Ga. App. 127, 137 (1) (b) (834 SE2d 126) (2019) (citations and punctuation omitted). "The standard of review of an award of attorney's fees under OCGA § 13-6-11 is whether there is any evidence to support the award. The appellate courts cannot reverse such an award merely because the evidence would have supported a verdict for the defendant." *L. S. Land Co. v. Burns*, 275 Ga. 454, 457 (3) (569 SE2d 527) (2002) (citations and punctuation omitted).

The trial court based its award of attorney fees on evidence showing that Xu and He refused to participate in arbitration as required by the declaration for disputes over a party wall, thereby causing the Yonnones unnecessary trouble and expenses of litigation. Indeed, the record shows that the declaration included such an arbitration provision, that the appellants refused the request to arbitrate, and that the Yonnones therefore brought the instant lawsuit to resolve the dispute. Because there was some evidence supporting the trial court's findings, "we cannot hold as a matter

of law that attorney's fees in this . . . case were not authorized under OCGA § 13-6-11." *L. S. Land Co.*, supra.

*Judgment affirmed. Gobeil and Pinson, JJ., concur*.